MILTON E. ELLIOTT ET ALS *v.* VERMONT STATE FISH AND GAME COMMISSION.

(84 A2d 588)

October Term, 1951.

Present: JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ. and HUGHES, Supr. J.

Opinion Filed November 6, 1951.

*Ezra S. Dike,* for the petitioners.

*Clifton G. Parker,* Attorney General, and *Frederick G. Mehlman,* Deputy Attorney General, for the petitionees.

JEFFORDS, J. This is a petition brought under V. S. 47, §§ 6570 and 6571 requesting, in effect, that additional protection than that provided by statute be given to trout and black bear in the county of Addison. A hearing was duly held on the petition which resulted in two orders. These orders are numbered 24 and 25. The former gives additional protection to trout in that county and the latter such protection to black bear.

The present petitioners (hereinafter called the plaintiffs) appealed from these orders by a petition under the provisions of V. S. 47,. § 6572 to the court of chancery of Washington county. By

agreement and stipulation of the parties the hearing on the appeal was had upon the bill filed by the plaintiffs and the answer filed by the commission. After such hearing a decretal order was entered by the chancellor dismissing the petition of the plaintiffs and the temporary injunction which restrained the commission from putting into effect the above mentioned orders was dissolved. The case is here on exceptions of the plaintiffs.

The first exception briefed by the plaintiffs is to the refusal of the chancellor to make findings of fact. The ground of this exception as stated in the bill of exceptions is that such findings are required by statute.

By agreement and stipulation of the parties the hearing was had on the bill and answer. In its answer the defendant denied the allegations contained in three paragraphs of the plaintiffs' bill. The plaintiffs claim that there were thus disputed issues of fact in the case making necessary findings of fact.

The plaintiffs in their brief do not point out specifically the claimed statute made a basis of their ground for the exception. Neither do they point out which of the allegations are of facts. Certainly all of them are not such and the defendant says that none which were denied were factual. We will assume for present purposes that some of the allegations which were denied were of facts and we will overlook the somewhat deficient briefing of the plaintiffs in support of this exception.

No replication was filed to the answer. This being so, the facts set forth in the answer, if well pleaded must be taken as true and if the facts so stated constitute a full defense, the bill must be dismissed. *Deerfield River Co.* v. *Wilmington P. & P. Co.,* 83 Vt 548, 551, 77 A 862; *Dyer* v. *Dean,* 69 Vt 370, 372, 37 A 1113. There is no suggestion that such facts were not well pleaded.

The situation thus presented to the chancellor was that of facts alleged by the defendant to be taken by him as true and certain facts alleged by the plaintiffs which were denied. It is apparent that he could not make findings as to the denied facts except upon the taking of evidence. Such taking was waived by the plaintiffs when they agreed to have the case decided only on the bill and answer. It follows that the chancellor had as a basis for his order only such facts as were alleged in the bill and not denied and thus to be taken as true, chancery rule No. 21, § 2, and those which were alleged in the answer and not denied by a replication and to be so

taken. The chancellor could only have found that the undenied facts alleged by both parties were true. This would have been a useless act, the performance of which the law does not require. The setting of a case for hearing on bill and answer is the equivalent of a demurrer to the answer. 19 Am Jur, Equity, par. 278; 30 CJS, Equity, par. 71, note 72. Here, as in the case of a demurrer, the undenied pleaded facts control.

The case of *Raithel* v. *Hall,* 99 Vt 65, 70, 130 A 749, cited by the plaintiffs in support of this exception is not in point. That case was heard by the chancellor on oral evidence. The statute cited in the opinion G. L. 1511, now V. S. 47, § 1302, which is the one apparently referred to in their ground for this exception does not here apply as it has to do with controverted questions of fact heard by a chancellor on oral testimony.

This exception is not sustained.

The next exception briefed is to the order of the chancellor on the ground that it is not supported or warranted by the pleadings or supported by findings.

At the close of the hearing which resulted in the orders above referred to the chairman of the commission made the following statement: "Inasmuch as there was no opposition to either of the petitions this commission has granted both of these petitions. I think you are making a forward step in conservation and certainly are in accord with the other three counties in the state."

The only claim of error briefed by the plaintiffs in support of this exception is based on the first sentence of the above quotation. They say that it is obvious that the petitions were granted by default; that it clearly appears from the record that the reason for granting the petitions was that no one appeared in opposition to them.

There was no denial of the answer by way of replication. Thus the facts therein set forth, if well pleaded, must be taken as true. *Deerfield River Co.* v. *Wilmington P. & P. Co., supra; Dyer* v. *Dean, supra.* The defendant in its answer set forth in detail what transpired at the hearing from which the orders in question resulted. The evidence there taken is fully recited. In addition, in its answer the defendant alleges that consideration was given by it to its records relating to claims for damage caused by bear in Addison county. These claims covered the years 1941 to 1949 inclusive. The records showed that for the last 3 years of the period covered

there had been no such claims made. The plaintiffs make no claim that these evidentiary facts were not well pleaded. They admit in their brief that the evidence pleaded could show, as they claim, that the orders were not properly made or, as the defendant claims, that they were proper.

In each of the orders it is stated that the commission has determined that for the public good and for the preservation of trout in one order and of black bear in the other, additional protection for such fish or animal is necessary in Addison county and therefore the orders are made.

In view of the foregoing facts and circumstances we do not believe that the statement of the chairman should be given the force and meaning contended for. Facts were pleaded to support each of the orders. In the case of the order relating to black bear it is shown that in its making consideration was given to records of the commission. In each of the orders it is stated that the commission has determined, as the reasons for issuing the orders, that they are for the public good and for the preservation of the subject matters of the orders. These reasons are in substantial compliance with those set forth in V. S. 47, § 6570 as the basis for such orders. It seems to us to be inconceivable that the commission as a basis for its determination wrongfully disregarded all of the evidence heard by it and what appeared from its own records and issued the orders on no factual basis but only because no one appeared in opposition. The language used by the chairman in closing the hearing was not well chosen but, for the reasons stated, it is not to be taken literally. This exception is not sustained.

The third and final exception briefed by the plaintiffs is to the chancellor's order. The ground of this exception is that "the order is invalid because it is based on V. S. 47, §§ 6570-6574 inclusive which are unconstitutional delegations of power by the Legislature to the defendant commission to regulate hunting and fishing." It is unnecessary to set forth in full these sections. For present purposes it is sufficient to say, as already indicated, that they authorize the fish and game commission upon a petition and after a hearing thereon to give protection, in addition to that afforded by chapter 279 of V. S. 47, to any species of game bird, quadruped or fish. If the commission determines that such additional protection should be given for the reasons stated in the statutes it "may regulate or prohibit the taking of such species as the public good may require."

It is provided that the commission may make an order applying to any county or any part thereof.

The constitutional provision which the plaintiffs claim is here violated is § 63 of chapter 2 of our constitution which reads as follows : "The inhabitants of this State shall have liberty in seasonable times, to hunt and fowl on the lands they hold, and on other lands not inclosed, and in like manner to fish in all boatable and other waters (not private property) under proper regulations, to be made and provided by the General Assembly."

The plaintiffs say that in the case of hunting and fishing the constitution provides that all the regulations are to be made and provided by the General Assembly. In other words, they claim that the Legislature, because of the wording of § 63, cannot legally delegate any authority or power to the fish and game commission to make such regulations. This is their sole ground here relied upon in support of the exception now under consideration.

The only case cited us by either party and the only one which we have been able to find where this question was squarely raised is that of *State* v. *Hall,* 96 Vt 379, 119 A 884. In that case the question apparently was raised but it was not passed upon as it was not necessary that it be decided in order to make a final determination of the case. No cases were cited and we found none from other jurisdictions where like wording of constitutional provisions have been construed.

We do have cases, however, which are a help in determining the answer to this question. The most important of these is *State* v. *Theriault,* 70 Vt 617, 41 A 1030, 42 LRA 673. In that case a statute, V. S. 4568, was claimed to be unconstitutional in that it amounted to a taking of private property for public use without compensation. The statute authorized the fish and game commissioners, when they placed fish in a pond or stream, to prohibit fishing therein, or in specified portions thereof, for a term of years, and provided that waters when so stocked should be treated as public waters, etc. The statute was held not unconstitutional, but as a reasonable exercise of the police power of the state. See *State* v. *Niles,* 78 Vt 266, 272, 273, 62 A 795.

We quote from the opinion in the Theriault case beginning at the bottom of page 620 : "Article 2, chapter 1, of the constitution of Vermont provides, 'That private property ought to be subservient to public uses when necessity requires it, nevertheless, whenever

any person's property is taken for the use of the public, the owner ought to receive an equivalent in money.' If the act infringes this constitutional provision, the legislature had no authority to enact it, and it is without legal validity. But this provision of the constitution must be read in connection with its other provisions, and especially must be considered with article 5, chapter 1 of the constitution of Vermont which declares: 'That the people of this state, by their legal representatives have the sole, inherent, and exclusive right of governing and regulating the internal police of the same;' and section 40 (now section 63) of chapter 2 of the constitution of Vermont, reading: 'The inhabitants of this State shall have liberty in seasonable times, to hunt and fowl on the lands they hold, and on other lands not enclosed; and in like manner to fish in all boatable and other waters (not private property) under proper regulations to be hereafter made and provided by the General Assembly.' Hence, the question for consideration is, whether the act of the fish and game commissioners, definitely and specifically authorized and performed by and under V. S. 4568, is a taking of a right belonging to the owner of the land over which the brook flows, for the use of the public; or whether it is a regulation of his use of that right, under § 40 of chapter 2 of the constitution of Vermont, and an exercise of the rights of governing and regulating the internal police of the people of the State, reserved to their representatives by article 5, chapter 1, of the constitution of Vermont."

In *State* v. *Niles, supra,* at page 273 it is stated: "The granting of licenses by the Fish and Game Commissioners to nonresident hunters to kill deer within this State is within the proper exercise of the police power of the State, provided it does not discriminate in their favor and against resident hunters, without classification."

In *Hazen* v. *Perkins,* 92 Vt 414, at 420, 105 A 249, 251, it is said: "The power of proper regulation of common fishery in such public waters is, by the Constitution, reserved to the General Assembly (Const. Chap. II, § 63); and in the exercise of the police power, it may adopt such measures (within constitutional limits) as it deems necessary for the preservation of such public property and the common rights therein."

The significance of these cases is that they show this Court has held that the Legislature has the authority in the exercise of the police power granted it under article 5, chapter 1 of our constitution to delegate duties and power to the fish and game commission

to make proper regulations concerning matters within its jurisdiction.

■ It is clear from our cases that the police power reserved to the Legislature under article 5, chapter 1, can properly be delegated in matters concerning the protection or preservation of the public morals, health, safety and welfare. *State* v. *Quattropani,* 99 Vt 360, 133 A 352; *State* v. *Morse,* 84 Vt 387, 80 A 189, 34 LRANS 190; *State Board of Health* v. *St. Johnsbury,* 82 Vt 276, 73 A 581, 23 LRANS 766. The first of these cases had to do with an order made by the state board of health. It is stated at page 362: "That the public health is a proper subject for police power protection, and that that power can lawfully be delegated to the State Board of Health, are both unquestioned and unquestionable." The Morse case also had as its subject matter a regulation of the same board. It is stated on pages 393 and 394: "The power (police) may lawfully be delegated to municipalities, to local or to state boards * * * and when so delegated the agency employed is clothed with power to act, as full and efficient as that possessed by the Legislature itself."

In none of the cases to which we have referred, or in any others which we have read in our consideration of the present question, has it even been suggested that the language relied upon by the plaintiffs in § 63 of chapter 2 of our constitution places any restriction on the power of the Legislature to delegate the making of regulations to the fish and game commission.

■■ The established rule is that every presumption is to be made in favor of the constitutionality of an act of the Legislature and it will not be declared unconstitutional without clear and irrefragable proof that it infringes the paramount law. *State* v. *Auclair,* 110 Vt 147, 156, 4 A2d 107. An act is never to be construed as unconstitutional if a reasonable construction can be placed upon it which will render it valid. *In re Cornell,* 111 Vt 454, 460, 18 A2d 151.

■ If we were to hold as the plaintiffs say we should, in respect to § 63 of chapter 2 of our constitution the effect would be not only to hold the statutes in question to be unconstitutional but also all statutes which delegate any power to make regulations to the fish and game commission or to the director of the commission. The result of such a holding would be that the purpose for which the commission was created would be largely if not wholly destroyed. The Legislature would be forced to pass laws covering every matter

which could be called a regulation of fish and game affairs, no matter how small. It is unreasonable to suppose that the framers of the constitution contemplated or desired that such a situation as this should be brought to pass when they drafted the section now under consideration. It is reasonable to suppose, and we so hold, that they did not mean that the regulations referred to in § 63 must be promulgated by the Legislature itself but that they did mean and intend that regulations, proper in the sense that they complied with constitutional requirements, might be made by the Legislature through a delegation of the power to make such regulations to a body or person given jurisdiction by the Legislature over matters pertaining to fish and game, the subject matters of section 63.

As we have seen, statutes delegating the making of regulations concerning fish and game are from their nature police power statutes. Although in neither the Theriault, Niles or Perkins cases, supra, was the question raised as to whether section 63 of chapter 2 of the constitution barred the Legislature from delegating police powers reserved to it by article 5 of chapter 1 of the constitution to matters pertaining to fish and game, the statements and holdings in these cases, particularly those in the Theriault case, indicate strongly that they would have held as we have on this question if it had been presented. We can think of no reason why the framers of the constitution should have considered that the Legislature should not have the same power of delegation in respect to fish and game matters as it has to other matters properly to be regulated under article 5 of chapter 1 of the constitution.

It might be noted in conclusion that any question in regard to order number 24 has become largely, if not wholly, moot because of the passage at the last session of the Legislature of the act now designated as Temporary No. 73 which has substantially the same subject matter as the order.

*The decretal order is affirmed.*