## State of Vermont v. Verham News Corp.

[155 A2d 872]

May Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed September 1, 1959.

Motion for Reargument Denied November 3, 1959.

*Black & Plante* and *Alfred A. Guarino* for the respondent.

*Arnold, Fortas & Porter* (of Washington, D. C.) for Playboy Magazine.

*Frederick M. Reed*, Attorney General, and *Thomas M. Debevoise*, Deputy Attorney General, for the State.

**Smith, J.** The respondent, a New Hampshire corporation, authorized to do business in the state of Vermont, was indicted by the grand jury of Windsor County on eight separate counts of distributing indecent magazines during the months of January and February, 1958. On May 5, 1958, the respondent corporation entered a plea of "Not Guilty" to each of the counts in said indictment. On July 28 and 29, 1958 hearing was had on the respondent's motion to dismiss, and other motions. The respondent's motion to dismiss was denied by the court on July 29, 1958, and it was ordered that the cause be passed to this Court under the provisions of V. S. 47, §2124, 12 V. S. A. §2428, for consideration of the exceptions of the defendant.

Although various motions were made by the respondent to quash, to abate and to dismiss the indictment, which were denied by the court below, the respondent has chosen to brief only its motion to dismiss. Exceptions not briefed are deemed waived. *State* v. *Anderson*, 119 Vt 355 at 365, 125 A2d 827; *In re Chisholm's Will*, 93 Vt 453 at 457, 108 A 393.

The motion to dismiss made by the respondent is based on two grounds. First, on the ground that V. S. 47, §8490, as amended by No. 87 of the Acts of 1957, 13 V. S. A. §2801, is unconstitutional. But, however desirable it might be, because of public interest, for us to consider the constitutional question, it has been removed from the case before us by the

concession of counsel for respondent in argument that the statute in question was constitutional, and further by respondent's failure to brief this ground of its exception.

In deciding the second ground advanced by the respondent on its motion to dismiss, and the question presented here, it is necessary to review part of the proceedings that took place in the chambers of the Windsor County Court on July 28 and 29, 1958.

Counsel for the respondent brought into chambers with them copies of eleven different magazines. Eight of these magazines were admitted to be of the same title, issue and publication as were the magazines that had been examined by the grand jury, and upon which the indictments had been found. Three of the magazines were of titles not mentioned in the counts of the indictment, and apparently had not been seen or considered by the grand jury. It should be noted that the contents of the various magazines, named by title in the eight counts of the indictment, were not set forth in the indictment, each count of the indictment stating, in effect, that the indecency of the publication involved was such that it would be improper to place it upon the record.

The eleven magazines were first offered to the trial court on a motion to quash the indictment because of its insufficiency in not setting forth the magazines named in full content. This motion was denied, with the trial court refusing to consider the magazines offered. Exception to this motion was not briefed and was therefore waived.

The magazines were then offered by the respondent on the motion to dismiss. This offer was made on the ground that such magazines were not obscene, lewd or indecent under the Vermont law. The trial court examined the magazines, after first allowing the State an exception to its action, and later received them in evidence.

The respondent asks us to hold that the subject publications are not obscene as a matter of law. And it is, in fact, seeking such determination on the various magazines which were admitted by the lower court, over objection, on the motion to dismiss. This is the second question presented.

In the case of *Hanley* v. *United Steel Workers*, 119 Vt 187, at 190, 122 A2d 872, 874, Justice Adams stated, "The inquiry under a motion to dismiss relates only to what appears of record and does not reach defects that require extrinsic proof to establish." And in the case of *Capital Savings Bank and Trust Co.* v. *Hammett*, 95 Vt 47, at 49, 112 A 360, this Court held that a full hearing upon the motion means only a full hearing of such matters as are within the scope of the motion.

■■ Under its motion to dismiss the respondent is requesting this Court to determine that the facts charged in the various counts of the indictment constitute no offense under the Vermont statute. So in its essential nature its motion to dismiss is similar to a demurrer to the action. On this question, that is, whether the facts charged constitute an offense, only what appears in the complaint together with such facts of which we take judicial notice, if any, are to be considered. So stringent is this rule, that when a pleading is challenged by demurrer no facts dehors the record are for consideration, though they be conceded at the hearing. *State* v. *Caplan*, 100 Vt 140, 155, 135 A 705.

The trial court was in error in receiving the offered magazines on the motion to dismiss. But merely because the trial court erroneously received the offered exhibits does not mean that they become part of the record of the case. These magazines were not part of the record of the case. They, therefore, are not properly before this Court and cannot be considered by it.

■ Such error of the lower court, moreover, was produced by the respondent, and cannot be used to give reversal in its favor, such admission not being prejudicial of it. Supreme Court Rule 9, *Duchaine* v. *Ray*, 110 Vt 313, 321, 6 A2d 28. Furthermore the motion to dismiss was denied by the lower court on the sole ground of the constitutionality of the statute, the presiding judge stating, when making his ruling, "It is not a part of responsible judicial administration for an inferior court, such as ours, whatever our personal opinion, to initiate a new and unchartered course of overturn of a statute."

■ The lower court did not make any specific ruling on

the second ground of the motion to dismiss, nor were the grounds stated for the overruling of the motion. Error must be made to appear or the ruling of the lower court will be affirmed by this Court on any legal grounds shown by the record. *Hanley* v. *United Steel Workers, supra,* at 192, 122 A2d at 875.

■■ One of the issues that will have to be decided on the trial of this cause is whether the magazines which were examined by the grand jury, and which magazines this respondent is charged with distributing, are obscene, lewd and indecent as a matter of fact. And neither a motion to dismiss nor a motion to quash can be used to disprove an allegation of fact. *State* v. *Frotten,* 114 Vt 410, 46 A2d 921; *State* v. *Baker,* 115 Vt 94, 53 A2d 53. This question is part of the general issue of the case and can only be determined on trial. *Universal Milk Bottle Service* v. *United States,* 188 F2d 959, at 961.

It can be fairly presumed that at the time of trial the various magazines named in the indictment will be offered in evidence by the State. Indeed, they must be, for the contents of the publications are the very reason for the indictment, and bear directly upon the merits of the case. At the time of such offer the respondent will have the right to make any objection to such admission as may seem to it proper.

*The order overruling the motion to dismiss is affirmed and the cause is remanded.*