### State of Vermont v. Carroll Duranleau

[260 A.2d 383]

No. 14-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*Philip A. Angell, Jr.,* State's Attorney, for the State.

*Monte & Monte,* Barre, for Respondent.

**Barney, J.** 10 V.S.A. § 4705(b) makes it a criminal offense to carry a loaded rifle or shotgun in a vehicle on a public highway without a special permit. The respondent is charged with that offense, and trial is pending. Certain preliminary questions have been made by motion and have been certified here before trial.

The questions are six:

1. Is Title 10, Section 4705(b) unconstitutional as a violation of a person's right to bear arms in defense of himself and his property as guaranteed by Article 16 of the Vermont Constitution?

2. Is Title 10, Section 4705 solely a so-called fish and game statute and, accordingly, render (sic) said complaint in this case defective if the respondent (sic) is not

charged with violation of the same while engaged in hunting?

(a) Is Title 10, Section 4705 concerned only with a person who is hunting and thus a hunting statute or does it apply to every person of the state regardless of the activity he may be pursuing?

3. Is the law herein cited, Title 10, Section 4705, unconstitutional as violative of the 14th Amendment's equal protection clause as said law makes it unlawful for a person to carry or possess a loaded gun as set forth in the statute unless he is disabled or a paraplegic who has a permit which classifications are unreasonable and arbitrary?

4. Does the complaint set forth all the elements of a crime necessary for conviction under Title 10, Section 4705?

5. Is the statute cited too general in stating that "A person shall not carry or possess while in or on a vehicle propelled by mechanical power within the right of way of a public highway a rifle or shotgun containing a loaded cartridge or shell in the chamber, magazine, clip, or mechanism" without defining what is meant by "chamber, magazine, clip or mechanism"?

6. Does the fact that the statute cited make (sic) illegal the mere "carrying or possession" of a loaded gun in a vehicle, render the statute unconstitutional as a violation of a person's right to bear arms to protect himself and his property as guaranteed by Article 16 of the Vermont Constitution?

The provisions of the statute involved, 10 V.S.A. § 4705 read:

(a) A person shall not take, or attempt to take, a wild animal by shooting from a motor vehicle, motorboat, airplane, snowmobile, or other motor propelled craft or any vehicle drawn by a motor propelled vehicle except as permitted under subsection (e) of this section.

(b) A person shall not carry or possess while in or on a vehicle propelled by mechanical power or drawn by a vehicle propelled by mechanical power within the right of way of a public highway a rifle or shotgun containing a

loaded cartridge or shell in the chamber, mechanism, or in a magazine, or clip within a rifle or shotgun, except as permitted under subsections (d) and (e) of this section. A person who possesses a rifle or shotgun in or on a vehicle propelled by mechanical power, or drawn by a vehicle propelled by mechanical power within a right of way of a public highway shall upon demand of an enforcement officer exhibit the firearm for examination to determine compliance with this section.

(c) A person while on the travelled portion of a public highway shall not take or attempt to take any wild animal by shooting with a firearm or bow and arrow.

(d) This section shall not restrict the possession or use of a loaded firearm by an enforcement officer in performance of his duty.

(e) Subsections (a) and (b) shall not apply to a licensed hunter who is a paraplegic, or because of severe physical disability is unable to pursue game, if he obtains a permit hereunder. The commissioner on receipt of satisfactory proof of the applicant's disability shall issue a permit under this section which shall remain in effect until twelve o'clock midnight on December 31 next following the date of issuance. The holder of the permit shall carry it at all times while hunting, and shall produce it on demand for inspection by any game warden or other law enforcement officer authorized to make arrests. The holder of such permit shall hunt only from a vehicle or craft which is stationary. The commissioner shall issue a decal or other special identification to be placed on the vehicle of the permit holder.

(f) The phrase "public highway", as used in this section, means roads shown on the highway maps of the respective towns, made by the department of highways, but does not include foot trails or private roads.

(g) A person who violates this section shall be fined not less than $25.00 nor more than $50.00, and forfeits his right to hunt, fish or trap for a period of one year.

Since these questions come here in advance of trial, we have no established facts, only the allegations of the complaint. It charges the respondent with possession of a rifle containing

a loaded cartridge in the mechanism while in a motor vehicle within the right of way limits of a public highway, without a permit provided for in 10 V.S.A. § 4705(e).

■■ The respondent has briefed four issues. Those certified questions to which the briefed issues relate will be answered, and those not briefed treated as waived. *Vt. Securities, Inc.* v. *Unemployment Com.*, 118 Vt. 196, 199, 104 A.2d 915. The fourth issue briefed, relating to confiscation of the rifle involved, applies to no certified question passed up in this case, and is therefore not for consideration on this appeal. *Dresden* v. *Norwich*, 124 Vt. 227, 230, 203 A.2d 598.

As is noted in certified questions one and six, the respondent claims that the statute involved represents an unconstitutional violation of the right of Vermont citizens "to bear arms in the defense of themselves and the State." Ch. I, Art. 18 Vermont Constitution.

■ The statute does not literally prohibit the "bearing" of any arms, but only requires that, when rifles and shotguns are carried in mechanically propelled vehicles on public highways, that they be unloaded. This restriction, even though it relates only to rifles and shotguns, admittedly somewhat conditions the unrestrained carrying and operation of firearms. But the language of the constitutional provision does not suggest that the right to bear arms is unlimited and undefinable. To require that two particular kinds of weapons, at certain specific places and under limited circumstances, be carried unloaded rather than loaded, is not such an infringement on the constitutional right to bear arms as to make the statute invalid. This conclusion is conditioned upon the presumption that the statutory purpose is reasonable, as it must be assumed to be, *Carpenter's Admr.* v. *Brown*, 118 Vt. 148, 153, 102 A.2d 331, and on the necessary circumstance that in this case no facts that demonstrate an unconstitutional operation of the statute are before us. *State* v. *Douglas*, 117 Vt. 484, 489, 94 A.2d 403.

The law is part of the fish and game laws of this state. Because this is so, the respondent says it must apply only to hunters and those who are in the process of hunting. In the context of this case, before trial, this position includes an

argument that it is required that the complaint allege that the respondent was hunting at the time.

There is no doubt that this statute has its source in the regulations of activities entirely concerned with the fish and game law. The principal mischief toward which it is directed, according to its own provisions, relate primarily to the activities of those who are, or purport to be, hunting. This primary concern does not impose a limitation on its broader application, if the intention of the legislature was to the contrary.

It seems quite clear that the intention was for the law to be of such general application. Merely because it was passed as part of the fish and game law does not require a limitation on its operation. Fish and game laws, like safety statutes, derive their authority from the police power. *Elliott* v. *Fish and Game Commission*, 117 Vt. 61, 66–8, 84 A.2d 588. This is the constitutional source of the legislative power to deal with matters of public morals, health, safety and welfare. The legislature could, therefore, quite properly generally exercise this power even through a fish and game enactment.

Further evidence that this statute was intended by the legislature to have general application is shown by two circumstances. One is the failure to place any language in the section with which this prosecution is concerned that even suggests that its operation is limited to hunters or hunting. The second circumstance underscores this, because in other sections of the same enactment where the legislature did intend the operation to be limited, it said so, specifically. See *State* v. *Fox*, 122 Vt. 251, 255, 169 A.2d 356. Therefore, we determine that there was no legislative intent to restrict the application of this statute to those allegedly hunting.

The last point properly before us relates to the adequacy of the complaint. Although the complaint itself indicates that it is brought under 10 V.S.A. § 4705, and sets forth all of the essential allegations to support a charge under subsection (b) of that statute, the respondent says that the failure to include the designation of the subsection means that it alleges no crime.

Certainly a crime is sufficiently alleged, since the offense is set forth with particularity. *State* v. *Chapman*, 126 Vt. 167, 169, 224 A.2d 925. Furthermore, at this state of the pro-

ceedings the prosecutor can amend, if he sees fit, 13 V.S.A. § 6552, even though the information is sufficient as it stands at the present stage of the proceedings.

Thus, we feel there is no fatal flaw in the accusation. Moreover, we wish to point out that this kind of claim does not lend itself to certification satisfactorily, being a cumbersome correction in an area where the issue can be more simply handled by conventional motions.

*Insofar as the certified questions are briefed, they are answered thusly:*

*Questions one and six are answered in the negative; questions two and four are answered by saying that the complaint is not defective and 10 V.S.A. § 4705(b) is of general application.*