## State of Vermont v. James M. Preston

[321 A.2d 37]

No. 227-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed June 4, 1974

*John C. Deppman,* State's Attorney, for the State.

*John A. Kelley, Esq.,* Middlebury, for Defendant.

**Daley, J.** Pursuant to V.R.A.P. 5(a), the presiding judge of the District Court of Vermont, Unit No. 2, Addison Circuit, upon agreement of the parties, has reported the following question to this Court before entry of final judgment: "Is

41 milligrams of marijuana, concededly and by stipulation not a usable quantity, sufficient to sustain a conviction?"

The factual record presented with this question shows that the defendant, James M. Preston, was charged with knowingly and unlawfully being in possession of marijuana in an amount less than one-half ounce by an officer's complaint filed in the district court on August 27, 1973. The statute under which he was charged is 18 V.S.A. § 4224(a), which reads: "A person knowingly and unlawfully possessing marijuana may be imprisoned for not more than six months, or fined not more than $500.00, or both." On October 23, 1973, a pre-trial motion to dismiss was filed with the district court together with a stipulation signed by counsel for the defendant and the state's attorney. The stipulation stated that the amount of marijuana seized was 41 milligrams, miniscule, and did not constitute a usable quantity. The district court granted the motion to dismiss. It is in light of that ruling on the motion to dismiss that the question is reported to this Court.

At the outset of the consideration of the question reported, we are confronted with the words of Chief Justice Hulburd, writing for the Court in *Powers* v. *State Highway Board*, 123 Vt. 1, 5, 178 A.2d 390 (1962):

Before a question is certified up to us before final judgment, it should be developed to a point susceptible of a determination which has actual application to the existing situation of the parties. Only those questions should be certified up before final judgment which bring with them a framework sufficient to enable this Court to render a decision which will be pertinent and inevitable in the disposition of the case below. This Court will not consider questions which are not raised by the substance of the proceedings below. The statute providing for appeals before final judgment does not contemplate that abstract for formulated questions be passed upon by us.

Such is the infirmity of the question reported. An answer from this Court must be given in the light of the factual situation in the case out of which it arises. *State* v. *Elwell*, 131 Vt. 245, 247, 303 A.2d 134 (1973); *State* v. *Woodmansee*, 128 Vt. 398, 399, 264 A.2d 802 (1970). This question has been presented to both the district court and this Court completely

devoid of the factual circumstances surrounding the occurrence that led to the initiation of the action against the defendant.

The record before us presents only a stipulation as to the amount of the marijuana seized. It presents nothing relating to its evidentiary significance or as to the other elements of the offense, 18 V.S.A. § 4224(a), necessary to sustain a conviction. See *State* v. *Humphreys,* 54 N.J. 406, 255 A.2d 273, 276 (1969). Without the factual background presenting such information necessary to a determination of whether all the evidence existing is sufficient to sustain a conviction, it is improper for either this Court to provide an answer to this question presented here or the district court to rule on a motion to dismiss on this question presented there. See *State* v. *Elwell, supra,* 131 Vt. at 248; and *State* v. *Verham News Corp.,* 121 Vt. 269, 273, 155 A.2d 872 (1959).

*For the reasons stated, we decline to answer the question reported under V.R.A.P. 5(a). The ruling granting the motion to dismiss is stricken and the cause is remanded.*