### State of Vermont v. Terry Racine and State of Vermont v. Michael J. Watters

[329 A.2d 651]

No. 115-74

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)

Opinion Filed December 3, 1974

112

*Robert I. Tepper,* State's Attorney, and *Stephen Alan Dardeck,* Deputy State's Attorney, for the State.

*Joseph M. O'Neill, Esq.,* Rutland, for Defendants.

**Keyser, J.** Defendant Michael Watters was charged with casting the rays of an artificial light upon a field for the purpose of spotting deer, and defendant Terry Racine was charged with assisting him in this endeavor. The informations filed against the two men alleged that these activities were in violation of 10 V.S.A. § 4702, which provides as follows:

> A person shall not throw or cast the rays of a spotlight, jack, or other artificial light on any highway, or any field, woodland, or forest, for the purpose of spotting, lo-

cating, or taking any wild animal, and provided further, that a light may be used to take skunks and raccoons in accordance with regulations of the board.

Both defendants filed motions to dismiss in district court. They argued that the informations did not state a violation under the statute because they failed to allege that the light was being used for the purpose of taking a wild animal. The State responded that inasmuch as the statute is worded in the disjunctive, it is necessary to charge only that the light was used for the purpose of spotting or locating, and that no allegation that the light was also being used for the purpose of taking is necessary. The defendants' motions to dismiss were granted; and the State, pursuant to 13 V.S.A. § 7403, sought certification of certain questions of law to this Court for determination. The certification was granted and the case is now before us on a narrow, albeit critical, legal issue. Plainly put, the appeal devolves to this inquiry: Is the State required to allege and prove, as an essential element of an offense charged under 10 V.S.A. § 4702, a purpose to take a wild animal?

The positions of the opposing parties may be simply stated. The State contends that the disjunctive wording of the statute is clear, that a crime is properly charged by alleging a purpose of either spotting, locating, *or* taking, and that such a proscription is entirely within the province of the State's police power. Defendants, on the other hand, maintain that such a reading makes innocent acts criminal and that the Legislature could never have intended such a result. They would thus read the word "or" as "and" and require that a purpose of taking be established as an essential element of the offense.

■ This statute, involving as it does, conduct relating specifically to wild animals, stems from the legislative regulation of activities entirely concerned with the fish and game law. *State* v. *Duranleau*, 128 Vt. 206, 211, 260 A.2d 383 (1969). This is an exercise of the police power reserved to the Legislature under Chapter I, Article 5, of the Vermont Constitution. *See generally Elliott* v. *Fish and Game Commission*, 117 Vt. 61, 67–68, 84 A.2d 588 (1951).

The exercise of police power signifies the governmental power of conserving and safeguarding the public safety, health

114

and welfare. *State* v. *Quattropani,* 99 Vt. 360, 362–63, 133 A. 352 (1926). In Chapter II, § 63 of the Vermont Constitution, the people of Vermont, by their Constitution, have also invested the Legislature with the authority to exercise this broad power where the wildlife of their State is concerned. *State* v. *Haskell,* 84 Vt. 429, 433, 79 A. 852 (1911). In that case, then Justice Watson noted, citing *Louisville & Nashville R.R. Co.* v. *Kentucky,* 161 U.S. 677, 701 (1896), that "in the exertion of such power the Legislature is vested with a large discretion". *Id.* 84 Vt. at 434, 79 A. at 855.

■■ Where the Legislature is constitutionally directed to exercise its police power in areas involving the State's wildlife, it is not for the Judiciary to pass upon the validity of the concerns expressed or the wisdom of the means chosen to deal with them. *See Aronstam* v. *Cashman,* 132 Vt. 538, 325 A.2d 361, 366 (1974). As was quoted in *State* v. *Mahoney,* 122 Vt. 456, 462, 176 A.2d 747 (1961):

> If the meaning of a statute is plain and its provisions are susceptible of but one interpretation, the courts, in construing the statute, may not take into consideration the injustice which may be caused thereby. If the provisions of a statute are unfair or unjust, the remedy is by a change of the law itself, to be effected by the legislature, and not by judicial action in the guise of interpretation. *Donaghue* v. *Smith,* 119 Vt. 259, 267, 126 A.2d 93 (1956).

■ We must examine the statute in light of the construction urged by the State, for a literal meaning of the language certainly supports such an interpretation, and we must presume that all language is inserted in a statute advisedly. *Town School District of St. Johnsbury* v. *Town School District of Topsham,* 122 Vt. 268, 272, 169 A.2d 352 (1961). Where the meaning of a statute is plain, there is no necessity for construction, and the Judiciary must enforce it according to its terms. *Swanton Village* v. *Town of Highgate,* 131 Vt. 318, 325, 305 A.2d 586 (1973).

■ It is abundantly clear that the use of the disjunctive "or" as to the purposes of casting a light requires a construction prohibiting either spotting, locating, or taking a wild

animal. This construction is reinforced by a reading of 10 V.S.A. § 4747 which states: "A person shall not take a wild deer by the aid of a snare, trap, salt lick, *jack or other light* or use such devices to entrap or ensnare deer." (Emphasis added.) This statute specifically makes taking a wild deer with a light a crime. Although § 4747 relates only to wild deer, it indicates that where the taking is an essential element of a crime, the Legislature has displayed its intent in most unmistakable terms.

As to the defendants' argument that the Legislature has, by enacting 10 V.S.A. § 4702, made otherwise innocent conduct a crime, this has been the case each time that the Legislature newly imposes criminal sanctions on individual activity. This has been the case in areas of consumer protection and environmental concerns, which made conduct previously innocent violative of penal laws.

The spectres that the defendants raise of a vacationing camper being prosecuted for locating by flashlight a wild animal prowling his campsite or a farmer being prosecuted for locating with artificial light animals while trying to protect his crops fail to take into account the prerequisite intent needed to be shown to sustain a prosecution. *See State* v. *Arbeitman,* 131 Vt. 596, 602, 313 A.2d 17 (1973). Therefore, proof of the act, coupled with proof of the intent to do the act would allow a conviction under 10 V.S.A. § 4702. However, where the specific intent to do the act prohibited by the statute cannot be shown by the State, as where an intent is presented by the defense other than to do the prohibited act, the prosecution must fail. The hypotheticals presented in the defendants' brief beg the questions whether the camper's intent in shining the flashlight into the darkness towards a noise was to protect himself or his campsite and whether the farmer's intent in doing a similar act was to protect his crops. Regardless, the question of intent is most properly left to the jury in their fact-finding function rather than to be speculated by this Court on a certified question before trial.

Therefore, question number one, "Does the language of the information charging criminal offenses, *i.e.* 'did then and there cast the rays of an artificial light, to wit, a five-cell flashlight, upon a field for the purpose of spotting a wild animal, to wit, deer, and that said light was not being used to take skunks

or raccoons in accordance with the regulations of the Fish and Game Board.', allege an offense within the meaning of 10 V.S.A. § 4702 as amended?", is answered in the affirmative. Question number two, "Does the language of 10 V.S.A. § 4702 as amended require as an essential element to be proved by the State, a purpose to take a wild animal?", is answered in the negative. In light of the answers to the certified questions, the trial court's rulings granting the defendants' motions to dismiss cannot stand. *See State* v. *Preston,* 132 Vt. 480, 321 A.2d 37, 38 (1974).

*The ruling granting the motions to dismiss is stricken, and the cause is remanded.*

**Daley, J.** (dissenting). My problem with the holding of the majority is that it makes it a crime for any person to engage in merely spotting or locating even though he may have no intention of taking a wild animal. I do not believe that the Legislature intended to criminalize such conduct. Reading our game statutes in *pari materia,* I believe that the legislative purpose was simply to prevent the taking of wild animals. Today's holding relieves the State of the burden of proving a purpose to take and thus could make otherwise innocent conduct criminal without, in my opinion, a legitimate basis.

I dissent.