Vermont Superior Court
Filed 11/19/24
Chittenden Unit

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02886

---

32 Intervale, LLC et al v. City of Burlington

---

## DECISION ON CITY'S MOTION FOR SUMMARY JUDGMENT

This action arises from the Defendant City of Burlington's recent ordinance amendment imposing certain limitations on so-called "short-term rental" properties. Plaintiffs—several Burlington property owners—seek a declaratory judgment that the City does not have authority to regulate the length of residential use under the Minimum Housing Standards ordinance.[1] The City moves for summary judgment. Because the City has broad authority to regulate short-term rentals, the court grants the City's motion.

### Undisputed Material Facts

The material facts are not in dispute. Plaintiffs are 14 distinct entities or individuals that own properties in Burlington. All of them began renting out their properties on a short-term basis at a time when the City's ordinances made no distinction regarding the length of a rental. On June 27, 2022, the Burlington City Council enacted Ordinance Amendment 8.24, "An Ordinance in Relation to Housing and Taxes—Short Term Rentals BCO. Ch. 18 & Sec 21-31." It was signed by the Mayor on July 1, 2022 and became effective August 3, 2022. Second Am. Compl. ¶ 111; City's Exhibit A. That amendment established regulations for the operation of "short-term rentals," which are contained in several amendments and additions to Chapter 18 of the City's Code of Ordinances, collectively referred in the City's briefing as the "STR Ordinance." City's Exhibit A; Pls. Second Am. Compl. ¶ 111–13. Specifically, the amended ordinance requires owner or "host" occupancy for most short-term rentals, and limits the number of short-term rentals that one "host" can operate. City's Ex. A (Amended Ordinance § 18-15(f)).

The primary purpose of the ordinance amendment was "to create and protect long-term housing in the City." City's Resp. to Pls.' Statement of Mat. Facts ¶ 1. The City's "planning memo" regarding

---

[1] Plaintiffs originally brought three claims. The only remaining claim is Count II of the Second Amended Complaint (which was originally Count III, since renumbered as Count II). *See* Entry Regarding Motion (Feb. 20, 2024); Pls.' Mot. to Reconsider at 2 (Feb. 9, 2024).

the amendment states that "[t]he proposed regulatory framework is aimed at minimizing the potential for adverse impacts to the city's housing stock, while balancing some flexibility for hosts to operate short term rentals." *Id*. ¶ 2. The planning memo further notes that "changes were made to the Ordinance to better align with policy goals protecting long-term and affordable housing." *Id*. ¶ 3 (internal quotation omitted). The Minutes from the City Council's February and June 2022 meetings addressing this topic reflect deliberations consistent with the purpose stated in the planning memo. *Id*. ¶ 4.

Discussion

Plaintiffs claim that the City's regulation of short-term rentals separate and apart from other rentals through the imposition of duration limits and requiring owner occupancy of dwellings exceeds the City's statutory authority under Chapter 83 of Title 24, specifically 24 V.S.A. § 3101(a). Second Am. Compl. ¶ 152. According to Dillon's Rule, "a municipality has only those powers and functions specifically authorized by the legislature, and such additional functions as may be incident, subordinate or necessary to the exercise thereof." *City of Montpelier v. Barnett*, 2012 VT 32, ¶ 20, 191 Vt. 441 (citing *Hinesburg Sand & Gravel Co. v. Town of Hinesburg*, 135 Vt. 484, 486 (1977)). Plaintiffs' claim fails as a matter of law, however, because the City plainly has broad authority to regulate short-term rentals under a different statute, 24 V.S.A. § 2291(29):

> For the purpose of promoting the public health, safety, welfare, and convenience, a town, city, or incorporated village shall have the following powers:
>
> . . .
>
> To regulate by means of an ordinance or bylaw the operation of short-term rentals within the municipality, provided that the ordinance or bylaw does not adversely impact the availability of long-term rental housing. As used in this subdivision, "short-term rental" means a furnished house, condominium, or other dwelling room or self-contained dwelling unit rented to the transient, traveling, or vacationing public for a period of fewer than 30 consecutive days and for more than 14 days per calendar year.

Section 2291(29) clearly authorizes the City to impose duration limits and owner occupancy requirements on short-term rentals.

In opposing summary judgment, Plaintiffs nevertheless maintain that the ordinance amendment exceeds the authority granted by § 2291 because the duration limit and occupancy requirement do not "promot[e] the public health, safety, welfare, [or] convenience" as specified in the preface to § 2291. Plaintiffs also contend that the ordinance was not intended to promote those statutory purposes, and that the City cannot demonstrate a connection between the ordinance and those statutory purposes.

From the start, Plaintiffs have a steep hill to climb in advancing these arguments; police power ordinances are presumptively valid, and Plaintiffs have the burden of proof in challenging the regulation. *See Town of Brattleboro v. Nowicki*, 119 Vt. 18, 19 (1955); *Champlain Val. Exposition, Inc. v. Vill. of Essex Junction*, 131 Vt. 449, 455 (1973).

The statute indeed requires that regulations issued thereunder be "[f]or the purpose of promoting the public health, safety, welfare, and convenience." 24 V.S.A. § 2291. But, as the City correctly points out in its Reply, those statutory purposes are quite broad. "The concept of the public welfare is broad and inclusive" and the "values it represents are spiritual as well as physical, aesthetic as well as monetary." *Berman v. Parker*, 348 U.S. 26, 33 (1954). The premise behind the ordinance is that requiring owner occupancy and restricting the number of short-term rentals an owner can operate disincentivizes whole-unit short-term rentals that reduce the available long-term housing supply. The relationship between a lack of available long-term housing and strains on the housing market, with impacts on homelessness, is intuitive, as is the consequent impact on a municipality's general welfare. Thus, the City's regulation of short-term rentals bears an obvious and rational relation to public welfare, health, and safety. Indeed, the court cannot articulate it any better than City does in its Reply:

> Very little reasoning—and no additional facts—is required to connect an unhealthy housing market, less available housing, and increased price pressure as a result of short-term rental competition, with real physical, monetary, and spiritual impacts on the public faced with escalating rents and dwindling certainty that they will not need to move towns and schools at the end of a lease.

City's Reply at 13. Other courts have easily concluded that regulation of short-term rentals has a manifest public purpose. See, e.g., *Murphy v. Walworth Cnty.*, 383 F. Supp. 3d 843, 851 (E.D. Wis. 2019) ("The Ordinance's stated purpose—to protect the health, safety, and general welfare of the public from seasonal over-occupancy—is an obvious and rational justification for the requirements imposed."); *Dean v. City of Winona*, 843 N.W.2d 249, 257 (Minn. Ct. App. 2014) ("We easily conclude that the public has a sufficient interest in rental housing to justify a municipality's use of police power as a means of regulating such housing."); *Nekrilov v. City of Jersey City*, 45 F.4th 662, 679 (3d Cir. 2022) (affirming lower court's decision upholding short-term rental ordinance and concluding that increasing long-term housing supply was legitimate public purpose); *Mogan v. City of Chicago*, No. 21 C 1846, 2022 WL 159732, at *16 (N.D. Ill. Jan. 18, 2022) ("Based on the allegations in the [complaint], the Court can hypothesize many sound reasons as to why the City chose to prohibit certain home sharing activities through the Ordinance—including maintaining the quality of life in residential neighborhoods and mitigating the effects of home sharing guests on full-time residents.");

*Stone River Lodge, LLC v. Vill. of N. Utica*, No. 20 C 3590, 2020 WL 6717729, at *4 (N.D. Ill. Nov. 15, 2020) (finding that ordinance regulating short-term rentals was rationally related to village's interests in protecting "life-safety concerns, quality of neighborhood and related life concerns, security concerns, fire safety concerns, and tax revenue concerns"). This court joins those in recognizing a compelling public purpose in such regulations.[2]

Plaintiffs also raise—for the first time in their Opposition—a constitutional attack on the statute. Specifically, they contend that 24 V.S.A. § 2291(29) is an unconstitutional delegation of legislative authority. Pls.' Opp'n at 5–9. This argument fails for two independent reasons. First, Plaintiffs have not pleaded any constitutional claim in their complaint, and thus have not given the City fair notice of its constitutional claim in accordance with V.R.C.P. 8(a). Second, there is no indication that the attorney general has been served with a copy of this proceeding. See 12 V.S.A. § 4721; V.R.C.P. 24(d). Accordingly, the court need not address Plaintiffs' constitutional argument.

Moreover, even assuming that the constitutional attack were properly pled, the court would reject it easily. Statutes are presumed to be reasonable and constitutional, *Badgley v. Walton*, 2010 VT 68, ¶ 20, 188 Vt. 367, and a plaintiff has the burden to prove a statute's unconstitutionality. *Boyd v. State*, 2022 VT 12, ¶¶ 20, 23, 32. Plaintiffs have not come close to meeting that burden here. The unlawful-delegation doctrine "is not violated when the Legislature vests municipalities 'with certain powers of legislation as to matters purely of local concern.' " *Stowe Citizens for Responsible Gov't v. State*, 169 Vt. 559, 575 (1999) (mem.) (quoting *Village of Waterbury v. Melendy*, 109 Vt. 441, 448 (1938)); 2 McQuillin Mun. Corp. § 4:8 (3d ed.) ("it is a fundamental rule that the power to make laws cannot be delegated, *except to the extent that such power may be conferred upon municipal corporations for local self-government*") (emphasis added) (footnote omitted). That is exactly what the legislature has done here through § 2291(29); it has granted municipalities explicit authority to make laws of general applicability regarding short-term rentals. "[T]he police power reserved to the Legislature under [the constitution] can properly be delegated in matters concerning the protection or preservation of the public morals, health, safety and welfare." *Elliott v. State Fish & Game Comm'n*, 117 Vt. 61, 68 (1951). Moreover, "[t]he power (police) may lawfully be delegated to municipalities, . . . and, when so delegated," the municipality "is clothed with power to act, as full and efficient as that possessed by the Legislature itself." *Id*. (quotation omitted). The constitutional argument, even if properly raised, fails.

---

[2] Because 24 V.S.A. § 2291(29) plainly authorizes the challenged ordinance amendment, the court need not address whether § 3101(a) also provides authority.

## **ORDER**

The court grants the City's motion for summary judgment. The separate form of judgment required by V.R.C.P. 58 will issue forthwith.

Electronically signed pursuant to V.R.E.F. 9(d): 11/19/2024 12:41 PM

_____
Samuel Hoar, Jr.
Superior Court Judge