STATE OF VERMONT v. MILO P. PERSONS.

(91 A2d 701)

May Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed October 7, 1952.

*Ernest E. Goodrich* for the respondent.

*John H. Downs,* State's Attorney, for the State.

JEFFORDS, J. This is a complaint charging petit larceny. The respondent was convicted on jury trial, followed by judgment and sentence. He brings the case here on several exceptions.

By V. S. 47, § 8305, petit larceny is defined as the stealing of money or other property not exceeding $50.00 in value. The court in its charge to the jury made no mention of the value of the property alleged to have been stolen and charged, in substance, that if they found beyond a reasonable doubt that the respondent took the article in question with felonious intent they must find him guilty. Counsel for the respondent called the court's attention to its failure to define petit larceny. The court then stated to the jury, in substance, that petit larceny was the stealing of property of the value of less than $50.00 and that there had been some testimony in the case as to the value of the article in question. The court then stated that "the question of value comes to the jurisdiction of this court and is not one for your consideration." An exception was taken to this statement on the ground, in substance, that in order for the re-

spondent to be found guilty it must be proven that he took goods of less than $50.00 in value and that this matter of value was one of the principal questions for the determination of the jury. An exception was allowed to the charge as given.

The testimony relating to value came from one witness and was as follows:

"Q. And what, in your opinion, is the value of State's exhibit No. 1?

A. We get half price. That is the way we sell. We have to have a line. That's half price of new. A radiator like that sells for eighty dollars, between seventy-eight and eighty dollars. That would make the radiator itself worth forty. The shell and grill sells for thirty-five dollars new. Cut that in two, would make it about seventeen dollars and a half. The radiator support sells for twelve dollars. Cut that in half would make it six. That's how we arrive at our price.

Q. And what would be the price of State's Exhibit No. 1? I didn't add that. Do you have a rough idea?

A. Well, about fifty-eight dollars.

Q. Is that wholesale or retail? That would be what?

A. That would be retail.

Q. And do you sell wholesale?

A. We don't sell what you call wholesale. Not on used parts.

Q. To put it another way, would you under some circumstances sell it for twenty-five percent less?

A. Yes, to a garage man.

Q. So that you might, in fact, get less than fifty dollars?

A. To a garage man only."

The value of the property alleged to have been stolen was a material fact in the case. If this value was under $50.00 and the other

necessary elements were proven then the respondent was guilty of the offense charged. If the value was over that amount he was not guilty as charged. The determination of this question was for the jury and it was error for the court to hold as a matter of law that the value was less than $50.00.

"Where the grade or degree of offense depends on the value of the property stolen, the determination of value is a question of fact for the jury under proper instructions." Larceny, 52 CJS p. 987. See also 23 CJS at pages 697 and 915 and 53 Am Jur at pages 458 and 459. That this is our rule is shown in *State* v. *Baker,* 100 Vt 380, 383, 138 A 736, and in *State* v. *Nutting,* 16 Vt 26.

The respondent moved for a directed verdict of not guilty. In support of this motion it is claimed that the undisputed evidence was that the value of the property was $58.00. This is not so. On the evidence the jury, under proper instructions, reasonably could have found the value to be less than $50.00. There was no error in denying the motion.

The respondent also moved in arrest of judgment. This motion was also denied. In support of this motion he relies on the evidence of value above referred to.

Lack of evidence to sustain a verdict cannot be considered under such a motion as it is no part of that record proper, which alone is brought in review by a motion in arrest. *State* v. *Longe,* 96 Vt 7, 13, 116 A 81; *State* v. *Shappy,* 79 Vt 306, 308, 65 A 78; *State* v. *Burns,* 79 Vt 272, 274, 64 A 1129. There was no error in the denial of this motion.

The respondent recites other exceptions which he took but advances no reasons for sustaining them other than the ones we have considered.

*Judgment reversed. Conviction and sentence set aside, and cause remanded.*