STATE OF VERMONT *v.* MILO P. PERSONS.

(96 A2d 818)

February Term, 1953.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and CUSHING, JJ., and HUGHES, Supr. J.

Opinion Filed May 5, 1953.

*Ernest E. Goodrich* for the respondent.

*John H. Downs,* State's Attorney, for the State.

CLEARY, J. This respondent was convicted of petit larceny after a trial by jury in Caledonia municipal court. The case was brought here on the respondent's exceptions and is reported in 117 Vt 306, 91 A2d 701. We held that determination of the value of the stolen property was a question for the jury under proper instructions and that it was error for the court below to hold as a matter of law that the value was less than $50.00. The entry order was "Judgment reversed. Conviction and sentence set aside, and cause remanded." On December 10, 1952, the state's attorney moved to enter a nolle prosequi in Caledonia municipal court. On the same date the Caledonia county clerk issued a warrant on an information filed by the state's attorney charging the respondent with grand larceny. On December 12, 1952, a hearing was held in the Caledonia municipal court on the motion which the state's attorney had made on December 10, 1952; the motion was granted but the entry of the nolle prosequi stayed pending an appeal to this Court. The case is now here on the respondent's exception to the granting of that motion.

■ The respondent relies on the rule that in cases of concurrent jurisdiction the court first acquiring jurisdiction will retain it to the end to the exclusion of other tribunals. *Weiner* v. *Prudential Ins. Co.*, 110 Vt 22, 24, 1 A2d 708, 118 ALR 1237; *Lalime* v. *Desbiens*, 115 Vt 165, 168, 55 A2d 121. But that rule is not to be given unyielding effect in all cases. It does not apply where the jurisdiction of the first court has come to an end. *State* v. *Van Ness*, 109 Vt 392, 397-399, 199 A 759, 117 ALR 415.

■■ The respondent claims that this Court remanded the case to the Caledonia municipal court and this necessitates a new trial there in order that the respondent may not again be prosecuted at some later date in this same cause. His fear is unfounded. County and municipal courts have concurrent jurisdiction in case of petit larceny. V. S. 47, § 8305. But only county courts have jurisdiction in case of grand larceny, V. S. 47, § 8304, except on a plea of guilty. V. S. 47, § 2421, 2423, 8615. An information charging the higher degree of a crime includes the lower degree and if the State fails to prove the greater offense, but proves the lesser, the respondent may be convicted of the lesser. *State* v. *Albano*, 92 Vt 51, 55, 102 A 333; *State* v. *Deso*, 110 Vt 1, 5, 1 A2d 710. So, if the respondent is tried on the information in county court he is in no danger of another prosecution in either court for the offense charged.

558

The respondent claims that because he was convicted of petit larceny in the municipal court he cannot be prosecuted for grand larceny in the county court and that a plea of former jeopardy is not waived by his appeal from his conviction. Though consideration of the question of former jeopardy is premature unless and until the respondent files such a plea in the county court we shall dispose of his contention in the hope that it may avoid another appeal to this Court.

When the respondent brought the case to this Court, after his conviction in the municipal court, and this Court held that his conviction was erroneous and set it aside, the whole adjudication below was wiped out and the case proceeded *de novo*. *State* v. *Emery,* 59 Vt 84, 89, 7 A 129; *State* v. *Bradley,* 67 Vt 465, 472, 473, 32 A 238; *Kilpatrick* v. *Grand Trunk Ry. Co.,* 74 Vt 288, 309, 52 A 531. To sustain the defense of former jeopardy the respondent would be obliged to prove that he had been legally convicted of the same offense for which he is now prosecuted in county court. *State* v. *Pianfetti,* 79 Vt 236, 244, 65 A 84. Even before the nolle prosequi in the municipal court there was no jeopardy in the mere pendency of the former prosecution there. *State* v. *Lindsay,* 86 Vt 201, 203, 204, 84 A 612. Until there is a final verdict of guilty or not guilty of one of the offenses charged, there can be no bar to a further prosecution for either offense charged, from the lowest to the highest. *State* v. *Bradley,* 67 Vt 465, 472, 474, 32 A 238; *State* v. *Deso,* 110 Vt 1, 11, 1 A2d 710. This respondent has not been in jeopardy since no valid judgment has been rendered against him. *State* v. *Emery,* 59 Vt 84, 88, 7 A 129; *State* v. *Frotten,* 114 Vt 410, 416, 46 A2d 921.

Finally the respondent claims the state's attorney's motion to enter a nolle prosequi should have been denied. In support of his contention he quotes a rule of law that this Court refused to follow in *State* v. *Van Ness,* 109 Vt 392, 397, 199 A 759, 117 ALR 415. He cites several of our cases and says they are not in point in the present case but does not say why. They are in point and all hold what has long been the law of this State, that a state's attorney may, at any stage of a trial before verdict, enter a nolle prosequi by permission of the court in the exercise of the court's judicial discretion. *State* v. *I. S..S.,* 1 Tyler 178, 179; *State* v. *Roe,* 12 Vt 93, 109; *State* v. *Bissell,* 106 Vt 80, 91, 170 A 102; *State* v. *Van Ness,* 109 Vt 392, 397,

399, 199 A 759, 117 ALR 415; *State* v. *Deso,* 110 Vt 1, 10, 12, 1 A2d 710. Here the state's attorney took the precaution to obtain the court's permission, though a trial had not been started. The reason why the municipal court granted the motion does not and need not appear. Whatever the reason, we have no doubt but that the court exercised its judicial discretion. *State* v. *Deso,* 110 Vt 1, 10, 12, 1 A2d 710.

*The stay of the entry is vacated and the cause remanded. Let the entry of nolle prosequi be made.*