# Franklin Powers et al d.b.a. Riteway Lumber Co. v. State Highway Board

[178 A.2d 390]

January Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed February 23, 1962

*Monti & Free* for the plaintiffs.

*Louis P. Peck,* Legal Assistant to the Attorney General, for the defendants.

**Hulburd, C. J.** This appeal comes to us before final judgment pursuant to 12 V.S.A. §2386. The fact that such appeals may be taken only in the discretion of the court below serves to indicate that it is not every question of law which ought to pass to us in this manner. This case illustrates how important it is that the court below exercise its discretion before permitting an accelerated appeal of this nature. It is not in football alone that eagerness to move ahead can result in fruitless offside play.

The trial below never got beyond the pre-trial stage. The rulings presented to us for review were made at the pre-trial conference. They were based, the court's order tells us, on "the pleadings and the representations of counsel during conference." In effect, the court ruled on certain agreed facts, incorporating its rulings in what it denominated as "Findings and Order." From this order both parties were allowed to appeal as to certain questions, as to the rulings which were adverse to each.

The "findings," or agreed facts, as set forth by the court below are as follows:

"That Plaintiffs occupied land owned by another, which land, insofar as Plaintiffs were concerned, was severed by Defendant in connection with construction of the so-called Interstate Highway project so as to make access thereto impossible, and thereby made it necessary for Plaintiffs to move its operation to another locality.

"That Plaintiffs conducted a mill business on said land and in connection therewith had placed certain buildings, machinery and equipment thereon.

"That Plaintiffs originally entered said land by virtue of a lease which provided for a definite two year term, and also provided in effect that at the expiration of said term Plaintiffs might continue to occupy said land as long as they desired upon payment of rent in the amount of ten dollars each month and that Plaintiffs could terminate said lease by giving to lessor one month's notice of their intention to do so, at the expiration of which time said lease would terminate.

"At the time Defendant initiated proceedings to acquire the land the two-year term of said lease had expired and Plaintiffs were in occupancy by virtue of the latter provisions of the lease described above.

"Prior to the date of taking of the land by Defendant, Plaintiffs terminated their lease and moved their mill business to another location, detaching and removing certain machinery and equipment.

"The buildings of the Plaintiffs on the land severed by Defendant's highway project were not removed by said Plaintiffs.

"It was agreed between the parties that Plaintiffs' termination of its lease and removal of its mill business to another location prior to the date of taking by the Defendant would not impair or prejudice Plaintiffs' right to compensation or damages, if under the law, Plaintiffs were otherwise entitled to such compensation or damages, in any manner whatsoever.

"In connection with the operation of their mill business at the new location Plaintiffs constructed certain buildings and installed therein the machinery and equipment moved from the former location.

"The detaching, removal and reinstallation of Plaintiffs' machinery and equipment from the former to a new location, and the construction of buildings at the new location necessarily caused Plaintiffs to incur certain expenditures."

It might be added that the plaintiffs' petition to the county court is a part of the printed case and contains a full recitation of what purports to be the lease in question, but the provisions of the lease have not been found as a fact except to the extent stated.

On the basis of the facts above set forth the trial court ruled as follows:

"Plaintiffs' occupancy of the land under its lease, severed by Defendant's highway project, was a periodic tenancy and not a tenancy at will.

"Plaintiffs' lease was property, or a right in property, and if there is any damage accruing to the Plaintiffs which was caused by the taking they are entitled to compensation therefor.

"As an item proper for compensation, Plaintiffs may show the cost of detaching their fixtures from the former location, and the removal thereof to, and the attaching thereof at the new location.

"Plaintiffs may further show the value of the mill buildings at the former location before and after the taking, the difference therein being a proper item of damages which is compensable.

"Evidence as to the cost of logs being greater at Plaintiffs' new location than at the former location due to increased transportation and other factors is not proper as bearing on compensable damages. Such evidence is considered as being offered and excluded."

Having in mind that this case never got beyond the pre-trial stage below, we have had from the time of its argument before us the uncomfortable feeling that it has been introduced to us by a court which has had a necessarily limited opportunity to become acquainted with it. The introduction, therefore, has been correspondingly scanty. A further indication that we had not been furnished the complete situation surrounding the parties developed when it was acknowledged in the course of the argument before us that the State purchased the land on which the mill is located and has a deed of it. To the extent that the plaintiffs are tenants, the State has become the landlord.

With the factual situation supplemented this much, we are confronted with the first question which the parties have sought to put before us. It is this: What was the nature of the tenancy under which the plaintiffs occupied the premises?

Counsel for the defendant has stated in its brief that "the intent of the parties, as indicated by the instrument as a whole is significant and it is the Board's position that the lease shows an intent to create a tenancy at will . . ." This statement has some rather far-reaching implications. It recognizes that the intent of the parties may be of consequence in arriving at a determination of the plaintiffs' rights and interest under the lease. In getting at the intent of the parties to a transaction, the situation of the parties and their objects and purposes are to be considered insofar as they throw light on their apparent intentions. *Vermont Kaolin Corp.* v. *Lyons*, 101 Vt. 367, 376, 142 Atl. 639; *Freegard* v. *Bingham*, 108 Vt. 404, 406, 187 Atl. 801. It so happens that the allegations setting forth the lease show that it contained a provision reading as follows:

"This lease is made in consideration of the foregoing provisions and as a part consideration for the sale of a mill and equipment located on said premises by the said Alvah Newhall to the parties of the second part."

This provision in the lease opens up a vista which the "findings" altogether fail to disclose. Thus, the case sent up to us by the court below is not the case which has been argued before us. The facts of

the case, as argued, seemingly reflect a situation which runs about as follows: The plaintiffs purchased a saw mill of Mr. Newhall which was located on land belonging to Mr. and Mrs. Newhall. As a part of the transaction, the plaintiffs were given the right to operate the mill they were purchasing on the land where it was located. They were to have a lease of this land under which they were to have the mill site for a period of two years without payment of rent other than what was reflected in the purchase price of the mill. At the expiration of the two-year period, the purchasers of the mill, the plaintiffs, could continue to operate it at the same location for as long as they wanted by paying $10.00 a month from that time on.

Of course, what we have put forward are suppositions only, without foundation in the "findings," but they serve to illustrate the necessity of an adequate factual background to a determination such as we have before us. We regard it as highly improper for us to attempt a definite determination of a question of the sort submitted before the necessary factual situation has been adequately developed. It is clear that the facts presented to us do not truly represent the case to be decided.

Before a question is certified up to us before final judgment, it should be developed to a point susceptible of a determination which has actual application to the existing situation of the parties. Only those questions should be certified up before judgment which bring with them a framework sufficient to enable this Court to render a decision which will be pertinent and inevitable in the disposition of the case below. This Court will not consider questions which are not raised by the substance of the proceedings below. The statute providing for appeals before final judgment does not contemplate that abstract or formulated questions should be passed upon by us. See 3 Am. Jur. Appeal and Error §1270; compare, *In Re: Constitutionality of House Bill 88*, 115 Vt. 524, 529, 64 A.2d 169.

Accordingly, it has been held that a question is improper and will not be answered where it is broad and indefinite and admits of one answer under one set of circumstances and a different answer under another. *American Bond & Mtge. Co.* v. *U S.*, 282 U. S. 374, 51 S. Ct. 118, 75 L. Ed. 395.

It would serve no purpose to consider individually the remaining questions which have been certified to us in connection with the de-

fendant's appeal. The same difficulty inheres in all of them. For like reasons the plaintiffs' appeal with respect to the court's ruling below, namely, that increased cost of transportation of the logs is inadmissible as bearing on damages, is equally vulnerable. It should be apparent that in some circumstances such an increase might properly be shown while in others it might not. For instance, the increase might be due to factors which the plaintiffs could have obviated in the choice of the new location of the mill, or it may be that the plaintiffs were previously bound to continue getting logs from the old area. Evidentiary questions are particularly unsuitable for certificate before final judgment since ordinarily the matter of admissibility often depends on what has previously been developed in the evidence in a given case. To certify such questions up to us before trial is to reverse the orderly pattern of judicial procedure. It deprives the parties at once of the benefit of a ruling of the court below in the context of a trial, and renders effective appellate review impossible.

It follows from what we have said that the exceptions of both parties will be sustained to the end that the cause may be remanded for new rulings of the court below when it is in a position properly to make them.

*All exceptions sustained and cause remanded.*