## State of Vermont
## v.
## Rockdale Associates, Inc.

[218 A.2d 718]

February Term, 1966

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 5, 1966

496

John P. Connarn, Attorney General, for the State.

Thomas P. Salmon and John A. Lowery for the respondent.

**Smith, J.** An original information was brought before the Windham County Court on October 5, 1965 alleging that "Rockdale Associates, Inc., a Massachusetts Corporation, registered to do business in the State of Vermont, with a place of business in Westminster, in the County of Windham, did then and there, between twelve o'clock Saturday night, August 21, 1965, and twelve o'clock Sunday night, August 22, 1965, conduct a secular business in violation of Title 13, V.S.A. 3301, by then and there selling merchandise, to wit, one nightgown."

The defendant was arraigned on October 6, 1965 on the aforesaid information and entered a plea of "Not Guilty."

The statute, which defendant is alleged to have violated is Title 13 V.S.A. §3301 entitled "Sunday Business and Entertainment" and is quoted below:

"(a)    A person shall not, between twelve o'clock Saturday night and twelve o'clock the following Sunday night, exercise any secular business or employment, except works of necessity and charity, nor engage in any dance, nor shall a person operate, promote or engage in any play, game, sport or entertainment, except winter and water sports, tennis, bowling, golf or horse shows during such hours which disturb the public peace or for which any compensation is received, directly or indirectly, except as follows:

(1)    As otherwise provided in this chapter;

(2)    Articles of food may be sold, served, supplied and delivered at any time of the day;

(3)    Prepared tobacco, ice, sodas and soft drinks, ice cream, flowers, confectionery, souvenirs, antiques, baskets, newspapers, magazines, prescriptions, patent medicines, drugs, hospital supplies and locally made products may be sold and delivered,

and real estate may be shown but not sold and fishing, hunting and other licenses may be sold at any time of the day;

(4) The sale of gasoline, grease, oil and other petroleum products to operators of motor vehicles, motorcycles, motorboats and aircraft may be made any time during the day and making of repairs, including the sale of repair parts to motor vehicles, motorcycles, motorboats and aircraft so as to permit such vehicles to proceed under their own power and the towing of any such vehicle unable to proceed under its own power shall be permitted at any time during the day, but the sale of motor vehicles, motorcycles, boats, motorboats, outboard motors and aircraft is prohibited.

(5) The sale and rental of skiing, skating, golf, fishing, tennis, trap shooting, bowling, swimming and water skiing equipment, boats, motorboats and outboard motors, within ten airline miles of areas devoted to such sports shall be permitted at any time during the day but such sale shall not be permitted at any other place;

(6) The operation of any public utility which is subject to regulation by the public service board shall be permitted.

(B) Notwithstanding the provisions of this section, any secular place of business not otherwise prohibited by law may be operated between twelve o'clock Saturday night and twelve o'clock the following Sunday night if the natural person managing or in control of the management of the place of business conscientiously believes that the seventh day of the week or the period which begins at sundown on Friday night and ends at sundown on Saturday night should be observed as the Sabbath, and causes all places of business in Vermont which he manages or over which he has control to remain closed for secular business during the entire period of twenty-four consecutive hours which he believes should be observed as the Sabbath . . . Amended 1961, No. 273, eff. Aug. 1, 1961."

The States Attorney and the defendant requested the Windham County Court to pass the cause to this Court for determination of certain questions of law, before final judgment, upon a stipulated statement of facts, in accordance with the provisions of 12 V.S.A. §2386. The request was granted and four questions have been certified to this Court by the Windham County Court for our determination before the entry of judgment below:

"(1)  Is VSA 3301 (a) (3), excepting the sale of locally made products from the provisions of the act, null, void, and unconstitutional by reason of imposing an undue burden on Interstate Commerce in violation of Article I, Scc. 8, Clause 3 of the Constitution of the United States?

(2)  Does 12 VSA 3301 (a) (3) deny the Defendant equal protection of the law under the Fourteenth Amendment of the United States in permitting the sale of locally made goods?

(3)  Does 13 VSA 3301 (a) (5) deny the Defendant the equal protection of the laws under the Fourteenth Amendment creating preferred classifications and discriminating as to one group of retailers to the detriment of others?

(4)  Are provisions of 13 VSA 3301 (b) essentially religious in character, thereby constituting a law respecting an establishment of religion in violation of Article I of the United States Constitution made applicable to the States by the Fourteenth Amendment?"

Before considering any of the questions of law certified to us for our determination we must first determine what question, or questions, are raised by the substance of the proceedings below that are pertinent and inevitable in the disposition of the case presented.

"The statute providing for appeals before final judgment does not contemplate that abstract or formulated questions should be passed upon by us." *Powers* v. *State Highway Board*, 123 Vt. 1, 5, 178 A.2d 390; *In re Constitutionality of House Bill* 88, 115 Vt. 524, 64 A.2d 169.

"Nor does this Court ordinarily consider the constitutionality of an act unless the disposition of the case in hand requires it. *Chase* v. *Billings et al*, 106 Vt. 149, 155, 170 Atl. 903; *State* v. *Hall*, 96 Vt. 379, 119 Atl. 884.

The information charges the defendant with selling one nightgown in that period of time between midnight on Saturday and midnight on Sunday. The agreed statement of facts states that the defendant sells "nonlocally manufactured products consisting of dry goods including wearing apparel." These facts, as well as the briefs of the parties, make it abundantly clear that defendant is charged with selling a nonlocally made product, but which product could legally have been sold if it had been made locally by virtue of 13 V.S.A. §3301 (a) (3).

The defendant asserts that this provision of 13 V.S.A. §3301 is unconstitutional by reason of imposing an undue burden on Interstate

Commerce in violation of Article I, Sec. 8, Clause 3 of the Constitution of the United States.

This part of 13 V.S.A. §3301 allows the sale of locally made products on one day of the week, but forbids the sale of similar products made elsewhere. We think it evident that "locally made" as used in the statute was intended by the Legislature to apply to products of Vermont manufacture only. The enactments of the General Assembly are applicable to only this State, and it is the welfare of the inhabitants of Vermont which is the concern of the state legislative body, and not that of other states or localities.

This section of the Sunday Business and Entertainment law is not stated to be necessary for the health and safety of the people of Vermont, or their morals or necessary welfare, nor has the State so argued here. The plain purport of this section of the statute is to allow products of any nature, which are of local manufacture, to be sold exclusively on one day of the week within this State, but the sale of similar products, manufactured elsewhere than locally, is forbidden to be made. Whether or not so intended by the Legislature, the result is a protection of local manufacture against lawful competition from other states for one day out of every seven.

"Protection of domestic laborers, manufacturers or merchants against the lawful competition from other states by means of discriminatory regulations upon goods manufactured in other states, is an immediate interference with interstate commerce." *In re Opinion of the Justices,* 211 Mass. 605; 98 N.E. 334, 335. *Polar Ice Cream and Creamery Co.* v. *Andrews,* 375 U.S. 361; 11 L. Ed. 2d 289; 84 S. Ct. 378. *Scott* v. *Donald,* 165 U.S. 58, 41 L. ed. 2d 632, 17 S. Ct. 265.

We, therefore, find that that part of 13 V.S.A. Sec. 3301 (a) (3) reading "and locally made products may be sold and delivered," is in conflict with Article 1, Sec. 8, Clause 3 of the Constitution of the United States and of no force and effect.

It is apparent that our disposition of Question No. 1 which necessitates dismissal of the information, disposes of the case in hand. The other three questions certified, therefore, become abstract questions and need not be passed upon by us. *Powers* v. *State Highway Board,* supra. *Chase* v. *Billings et al,* supra.