### State of Vermont v. Bernard J. Woodmansee

[264 A.2d 802]

No. 105-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 7, 1970

*James M. Jeffords,* Attorney General and *William T. Keefe,* Assistant Attorney General, for the State.

*Peter Forbes Langrock,* Middlebury, for Defendant.

**Barney, J.** Proceedings under an indictment for forgery were commenced in county court, at a time when the respondent had already been arrested and charged with the same offense by state's attorney's information in the district court. When his motion to dismiss in the county court was denied, the respondent asked, and was permitted, to certify to this Court the following question:

> Is the respondent entitled as a matter of law to the dismissal of an indictment in County Court when the State has filed an Information charging an identical offense predating the indictment and which is pending in the District Court and where the defendant is being held in lieu of bail to answer to said charge in District Court?

However broad the language of a certified question, any answer from this Court must be given in the light of the factual situation in the case out of which it arises. *State* v. *Rockdale,* 125 Vt. 495, 498, 218 A.2d 718. Abstract questions are not to be answered in this kind of proceeding. *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390. Therefore, it is necessary to examine the facts in this case as disclosed by the record.

On March 12, 1969 the state's attorney presented his information to the district court judge in Franklin County and a warrant for arrest of the respondent for uttering a forged check was thereupon issued. The respondent was arrested the same day and committed to jail for want of $5000 bail. The following day he entered a plea of not guilty. On May 26, 1969 a grand jury in Franklin issued an indictment charging the respondent with this same forgery as a felony and charging him with having four previous felony convictions. On May 28 a *capias* issued and respondent was brought into Franklin County Court for arraignment. Bail was set at $5000 and the matter continued to June 2, 1969 for plea. On that date pleas of not guilty were entered and the motion to dismiss filed.

The respondent states that the motion to dismiss was denied on condition that the proceedings in the district court be *nol prossed* within twenty-four hours. According to the records of that court, this was accomplished. The district court case was *nol prossed* the following morning. As already noted, at the time the motion to dismiss was denied, permission was given to certify to this Court the question now before us.

The respondent claims prejudice because there was a time when he was subject to bail requirements before two courts for the same offense, and a time when it might be said that he was faced with the preparation of two defenses, again in separate courts. There is no doubt but if such circumstances were allowed to persist to the point of prejudice of a respondent, he would have just cause for complaint. If his address to the trial court for relief had been unavailing, assuming, for the purposes of this review, that his claim of identity of the two charges is supportable, this Court would certainly be disposed to act. Motions to reduce bail or to require the prosecution to elect, in appropriate situations, are the proper and conventional remedies to be pursued against oppression in these areas. The record shows that relief was in fact granted in this case, immediately upon application. The respondent, therefore, now has no grounds of complaint on that score. See *State* v. *Persons,* 117 Vt. 556, 96 A.2d 818; *State* v. *Van Ness,* 109 Vt. 392, 399, 199 A. 759.

To support the affirmative answer, which the respondent seeks in this case, would require us to say that the corrective action of the lower court was inadequate and unavailing. The facts do not bear this out, and we are not prepared to declare that the pendency of two charges in different courts is alone enough to compel, as a matter of law, dismissal of the later one in particular. This requires a negative answer to the certified question.

*The question certified is answered in the negative and the cause is remanded.*