**State of Vermont v. Edward George Lane, Jr.**

[282 A.2d 796]

No. 111-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed October 5, 1971

*Kimberly B. Cheney,* State's Attorney, and *Robert W. Gagnon,* Deputy State's Attorney, for the State.

*Free & Bernasconi* and *Thomas F. Koch,* Barre, for Defendant.

**Shangraw, J.** This case arises on an agreed statement of facts with four questions certified from the Vermont District Court, Unit No. 5, Washington Circuit.

The defendant is charged with unlawful possession of a regulated drug, marijuana (cannabis sativa) on the 22nd day of October, 1969, at Montpelier, Vermont, in violation of 18 V.S.A. § 4224(a). A related statute, 18 V.S.A. § 4221(b), to which the certified questions are directed, provides:

"The presence of a regulated drug in an automobile other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such drug was found; except that such presumption does not apply (1) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade, or (2) to any person in the automobile if one of them, having obtained the drug and not being under duress, is authorized to possess it and such drug is in the same container as when he received possession thereof, or (3) when the drug is concealed upon the person of one of the occupants. 1967, No. 343 (Adj. Sess.), § 21, eff. March 23, 1968."

Upon motion of the respondent, following are the questions certified to this Court by the trial court before final judgment.

"1. Do the provisions of 18 V.S.A. § 4221(b) deny the respondent due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution and Chapter 1, Article 10 of the Vermont Constitution because they contain a presumption which bears no rational connection between the facts proved and the facts presumed?

2. On the basis of the Finding of Fact No. 11, can Edward G. Lane be convicted of possessing a regulated drug consistent with due process of law?

3. On the basis of the Agreed Statement of Facts, did Edward G. Lane have possession of a regulated drug?

4. On the basis of the Agreed Statement of Facts, would it be proper for the trial court to instruct a jury to apply the presumption stated in 18 V.S.A. § 4221(b)?"

By the questions certified, we are, in effect, requested to give an advisory opinion to the trial court as to how the trial is to be conducted. It is a long established rule that we will not judge a case piecemeal. *In re Estate of Webster*, 117 Vt. 550, 553, 96 A.2d 816 (1953). 12 V.S.A. § 2386 affords room for some exceptions to the rule according to the discretion of the lower court. This section contemplates the certification of those questions of law which the trial

court conceives to be dispositive of the action and perhaps alleviate the burden of a needless trial.

12 V.S.A. § 2386, *supra,* providing for appeals before final judgment, does not contemplate that abstract or formulated questions should be passed upon by us. *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390 (1962); *In re Constitutionality of House Bill 88,* 115 Vt. 524, 64 A.2d 169 (1949).

Nor does this Court ordinarily consider the constitutionality of an act unless the disposition of the case in hand requires it. *Chase* v. *Billings, et al.,* 106 Vt. 149, 155, 170 Atl. 903 (1934); *State* v. *Hall,* 96 Vt. 379, 119 Atl. 884 (1923). No ruling was made by the court below. The case presents serious constitutional questions that have not been raised and presented during the course of the criminal trial and will not now be considered.

Under Rule 5 of the Vermont Rules of Appellate Procedure appropriate questions can be certified by agreement of the parties, in the discretion of the presiding judge of a county or district court, provided that the disposition thereof would in at least one alternative finally dispose of the action. The rule specifies "any civil action". It is more strictly applied in a criminal case. In general, a defendant in a criminal case should not be permitted to take an appeal until a final judgment, adverse to him, has been entered in the trial court. ABA Minimum Standards for Criminal Justice, *Criminal Appeals* § 1.3(b). The record certified shows no valid reason to depart from that precept in the present appeal—quite the contrary.

Statutes which authorize certification by a trial court may not be used as a substitute for a final appeal nor to secure an advisory opinion. This rule is especially applicable to criminal cases. *State* v. *Moller,* 276 Minn. 185, 149 N.W.2d 274 (1967). We so held in *State* v. *Blondin* 128 Vt. 613, 270 A.2d 165, 167 (1970).

It is considered inexpedient and contrary to good practice for an appellate court to answer certified questions concerning the admission or rejection of evidence pending a

trial. *Lemire* v. *Haley's Estate,* 92 N.H. 10, 23 A.2d 769 (1942).

This subject was discussed in the case of *Powers* v. *State Highway Board,* 123 Vt. 1, 178 A.2d 390 (1962). At page 6 of the opinion, former Chief Justice Hulburd, in speaking for this Court, made this statement:

> "Evidentiary questions are particularly unsuitable for certificate before final judgment since ordinarily the matter of the admissibility often depends on what has previously developed in the evidence in a given case. To certify such questions up to us before trial is to reverse the orderly pattern of judicial procedure. It deprives the parties at once of the benefit of a ruling of the court below in the context of a trial, and renders effective appellate review impossible."

There appears no occasion to review in detail the agreed statement of facts. It clearly demonstrates that the automobile, operated by the respondent, stopped at several places after leaving Pines Restaurant in Montpelier, Vermont. The car was ultimately driven by the respondent to a parking lot in the rear of the above restaurant. At that place David Joy, an occupant of the automobile, produced a package from the floor of the car and then told the purchaser, trooper Belfore, that "this was good stuff". At the request of Joy, the interior light of the car was turned on by the respondent. Joy then held the marijuana under the light where all occupants of the motor vehicle could see it. As revealed in the agreed statement, Belfore stated that the respondent also said that it was "good stuff". The respondent denies making this statement. Belfore then paid Joy $100.00 and took the package.

We have here a series of events, of which the respondent played a part, leading up to the sale and delivery of the drug in question. As stated in *State* v. *Orlandi et al.,* 106 Vt. 165, 171, 170 A. 908, 910 (1934), and re-affirmed in the cases of *State* v. *Barr,* 126 Vt. 112, 122, 223 A.2d 462 (1966), and *State* v. *Ballou,* 127 Vt. 1, 4, 238 A.2d 658 (1968), "Where several persons combine under a common understanding and with a common purpose to do an illegal act, every one is

criminally responsible for the acts of each and all who participate with him in the execution of the unlawful design."

The drug was in the automobile operated and controlled by the respondent. He was not a mere occupant of the car. It is possible that the facts developed on trial may afford the capability of an inference that the respondent had knowledge of the presence of the contraband without the aid of the presumption created by 18 V.S.A. § 4221(b), *supra*.

█ The agreed statement was signed by defendant's counsel and the state's attorney. It was not signed by the defendant. Not all issues have been finally resolved by the statement. Whether or not the respondent stated that the drug was "good stuff" is in dispute and can only be resolved by a trial of the case. Until the true facts, which underlie the questions certified, have been judicially determined below, definitive response to the questions certified cannot be made at this time.

*Appeal dismissed and cause remanded.*