# State of Vermont v. Jack R. Elwell

[303 A.2d 134]

No. 180-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Neil S. Moss,* State's Attorney, for the State.

*Putter & Carrington,* Arlington, for Defendant.

**Smith, J.** This is an appeal before final judgment by the defendant from the decision of the Vermont District Court, Unit No. 1, Bennington Circuit, denying the defendant's motion to quash the information. The State has agreed to the appeal before final judgment, and the question has been certified here by the trial court by virtue of 12 V.S.A. § 2386.

The defendant was charged by information with a violation of 13 V.S.A. § 1026(3), which charge reads as follows:

> "Jack Robert Elwell, at Bennington, in the County of Bennington, on to wit, the 18th day of July, 1972, was then and there a person who with intent to cause public inconvenience and recklessly creating a risk thereof, did use ·abusive and obscene language in a public place in violation of 13 VSA Sec. 1026(3), contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State."

13 V.S.A. § 1026(3) reads:

> . "A person who, with intent to cause public inconvenience, or annoyance or recklessly creating a risk thereof:
> . . .
> (3) In a public place uses abusive or obscene language . . .
> shall be imprisoned for not more than 60 days or fined not more than $500.00 or both."

The defendant seeks to have the information quashed on the grounds that 13 V.S.A. § 1026(3) is unconstitutionally vague and an infringement on liberties guaranteed by the First Amendment to the United States Constitution. It is the policy of this Court, however, to consider constitutional questions only when it is determined that the case is not to be disposed of on other grounds. *Law's Admr.* v. *Culver,* 121 Vt.

285, 290, 155 A.2d 855 (1959); *State* v. *Graves,* 119 Vt. 205, 207, 122 A.2d 840 (1956).

A motion to quash must be based upon facts appearing on the record. *State* v. *Ward,* 60 Vt. 142, 153, 14 A. 187 (1887), and cases cited therein. The grounds advanced by the defendant in his motion to quash are: (a) that 13 V.S.A. § 1026(3) is vague in the conduct it seeks to proscribe, and (b) that the statute is an overbroad intrusion on the rights of free speech of this respondent and the general public in that it punishes protected free speech.

The denial of the motion to quash below was not a final judgment adverse to the defendant, for it did not make a final disposition of the subject matter before the lower court. But under 12 V.S.A. § 2386, we have the discretion to permit an appeal before judgment on the determination of questions of law. *State* v. *Blondin,* 128 Vt. 613, 615, 270 A.2d 165 (1970).

"However broad the language of a certified question, any answer from this Court must be given in the light of the factual situation in the case out of which it arises. *State* v. *Rockdale,* 125 Vt. 495, 498, 218 A.2d 718. Abstract questions are not to be answered in this kind of proceeding. *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390." *State* v. *Woodmansee,* 128 Vt. 398, 399, 264 A.2d 802 (1970).

"Before a question is certified up to us before final judgment, it should be developed to a point susceptible of a determination which has actual application to the existing situation of the parties. Only those questions should be certified up before judgment which bring with them a framework sufficient to enable this Court to render a decision which will be pertinent and inevitable to the disposition of the case below. This Court will not consider questions which are not raised by the substance of the proceedings below. The statute providing for appeals before final judgment does not contemplate that abstract or formulated questions should be passed upon by us." *Powers* v. *State Highway Board, supra,* 123 Vt. at 5.

The question presented to us here under this certification is only as to the constitutionality of 13 V.S.A. § 1026(3) in the abstract. While the statute in question might be found to have a constitutional infirmity under one set of circumstances, possibly a different answer might be given under another. *American Bond and Mtg. Co.* v. *U.S.* 282 U.S. 374, 51 S.Ct. 118, 75 L.Ed. 385 (1931).

In the instant case there is nothing before us on the record to shed any light on the factual situation out of which the certified question has arisen. Only when the factual situation of the case is presented before us will we be able to determine whether or not the case could not be disposed of on other grounds than the constitutional question sought to be presented here. *Law's Admr.* v. *Culver, supra, State* v. *Graves, supra.*

The decision on the constitutionality of 13 V.S.A. § 1026(3) must depend upon the factual situation which is developed in the trial of the case below. Without such facts the appeal was improvidently granted by the lower court.

*Appeal dismissed.*