## Marla Shatkin v. University of Vermont

[346 A.2d 525]

No. 123-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Barney, C.J., Smith, Daley, Larrow and Billings, JJ. on Motion for Reargument

Opinion Filed June 3, 1975

Motion for Reargument Denied September 18, 1975

*John A. Dooley, III, Mary J. Skinner,* and *V. Louise McCarren,* Vermont Legal Aid, Burlington, for Plaintiff.

*Matthew I. Katz, Esq.,* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendant.

**Barney, C.J.** The plaintiff seeks residence tuition status for one term of her attendance at the defendant University. The matter is here on questions certified relating to her domiciliary status under University regulations. The action began when

the plaintiff sought to enjoin the University from charging her nonresident tuition.

The matter was considered below by two judges on different issues. The first involved a request by the plaintiff for a temporary injunction. A hearing was had, and findings of fact and conclusions of law filed. The injunction was denied. As a result one semester's tuition was paid by the plaintiff as a nonresident and she now seeks to recover it.

She was accorded residency status for the following semester. After her complaint was amended to seek money damages, the defendant moved for summary judgment. This was denied. The defendant also requested that contested issues of fact be tried by jury. Before the matter progressed further, the ruling on the request for summary judgment was made the subject of a request for certification to this Court. That motion was granted, and the matter is now here.

The questions certified are two:
1. Is the definition of domicile used by the University more restrictive than the common law definition and thereby inconsistent with 16 V.S.A. 2282, 2282a?
2. Is the University's one year domicile requirement for resident tuition purposes in violation of 16 V.S.A. 2282, 2282a?

16 V.S.A. sections 2282 and 2282a provide as follows:

§ 2282. Tuition for Vermont students

(a) The purposes of this section are to provide greater educational opportunities for the youth of Vermont through reduced tuition charges at the University of Vermont and State Agricultural College, and to appropriate funds to the University of Vermont and State Agricultural College to accomplish the tuition reduction.

(b) Except for those attending the college of medicine, the amount of tuition for each Vermont resident for attendance during each academic year shall be not more than 40 per cent of the tuition charged to nonresident students. In the case of attendance during a shorter term such tuition shall be reduced in the proportion that the usual tuition for such term bears to the full yearly tuition.

## § 2282a. Determination of residency for tuition purposes

Enrollment at an institution for higher learning, or presence within the state for the purposes of attending an institution of higher learning, shall not by itself constitute residence for instate tuition purposes or for the purpose of eligibility for assistance from the Vermont student assistance corporation.

The University, from time to time, has, through its board of trustees, adopted definitions governing domicile and residence as applicable to eligibility for resident tuition. Those adopted October 2, 1971, were applied to this plaintiff. Those having some relation to the tuition status of the plaintiff are as follows:

1) A student who has attained the age of majority or is an emancipated minor shall be deemed to be a Vermont Resident if the student shall have had his domicile in Vermont for a period of *one* (1) year *preceding the beginning of the semester* in which the student seeks to register.

3) A student who at the beginning of a semester has his domicile fixed by a special rule of law (as a student under guardianship, a married woman, etc.) shall be deemed to be a Vermont Resident during such semester if, and only if, the circumstances claimed to have made the student a resident shall have taken place at least one (1) year prior to the beginning of such semester; provided, however, that a guardianship of a minor student shall not be deemed a basis for residence if the primary purpose of the guardianship is to qualify the minor for resident tuition.

4) Whenever a resident student shall lose his Vermont domicile (as in the case of a minor whose parent or guardian moves from Vermont but excepting women who lose such domicile by marrying non-residents) the student shall be reclassified as a non-resident effective at the beginning of the next semester for which the student enrolls; and it shall be incumbent upon any student whose status so changes from Vermont Resident to non-resident

to inform the Dean of his college, or the Registrar, promptly, of the facts relating to his residence.

5) The term "domicile" shall mean the place where a person is physically present and where he intends to permanently remain as a true, fixed and permanent home.

7) A student who is present in Vermont for the primary purpose of attempting to qualify for resident tuition status shall not be deemed to have a bona fide domicile in Vermont.

8) Neither a student's presence in Vermont for purposes of attending an educational institution, registration in Vermont for the purpose of the draft and voting, Vermont motor vehicle registration and drivers license, employment in Vermont, the ownership of real property in Vermont, or the payment of Vermont taxes shall, by themselves necessarily be determinative of a bona fide domicile in Vermont.

11) Students enrolling at the University of Vermont shall be classified by the Director of Admissions as a resident or non-resident for Admission and Tuition Purposes. The decision by the Director of Admissions shall be based upon information furnished by the student and other relevant information. The Director of Admissions is authorized to require such written documents, affidavits, verifications or other evidence as he deems necessary.

12) The burden of proof shall in all cases rest upon the student claiming to be a Vermont Resident.

Numbers thirteen through fifteen provide the machinery for the decision of the Director of Admissions, an appeal from that ruling to the Residence Committee, who may make exceptions to the rules when justice requires, and a final appeal to the board of trustees. These procedural steps were all followed by the plaintiff, and, at all stages, her nonresident status was confirmed.

The findings already referred to indicate that the plaintiff and her husband came to reside in Vermont July 1, 1972, except for a period July 5 to August 11, 1972, when the plaintiff returned to Massachusetts to finish up a summer job. The plaintiff's husband came to Vermont that July for the sole

purpose of pursuing his graduate studies under a fellowship at the University of Vermont. As of the time of the findings (September, 1973) he was still a graduate student, and his fellowship was his entire source of income.

The plaintiff found employment with one of the professors of the University, and, on that account, became eligible to take courses at the resident-student rate. She did so in the academic year 1972–73.

She applied for admission as a full-time student for the academic year 1973–74, and was accepted. Since she was no longer an employee of the University, her tuition status came into question. According to the findings, the University denied the plaintiff resident tuition status on the basis of her testimony to the effect that she reached the decision to make her residence her permanent home "one or two months after" she and her husband moved to Winooski on August 17, 1972. Since twelve months from that time came beyond September 7, 1973, the opening of the 1973–74 term, the plaintiff did not meet the one-year domiciliary requirement. The trial court hearing the request for injunctive relief reached the same result, but based it on the proposition that the wife's domicile follows that of her husband, whose residence under the law was not available for tuition purposes, since he was in Vermont to attend the University.

The certified questions are put to this Court in terms of the consistency of the University standards for resident tuition qualification with both the common and statutory law. For reasons which will shortly appear, this litigation, by its nature, will not permit or require us to reach the question dealing with the validity of the one year domiciliary test, mandated by University rules. Whether such a rule can stand without more particular statutory underpinning turns out to be not material to the appeal before us at this time.

The common law of Vermont still identifies the wife's domicile with the marital domicile. This rule does have exceptions, but none have been advanced, by pleading or otherwise, as applicable here. *Tower* v. *Tower*, 120 Vt. 213, 221, 138 A.2d 602 (1958). Residence is an essential ingredient of domicile, *Walker* v. *Walker*, 124 Vt. 172, 174, 200 A.2d 267 (1964), unless it is established by operation of some law

such as that pertaining to marital domicile. But the residence of this couple, for resident tuition purposes, falls squarely within 16 V.S.A. § 2282a, previously set out, since it springs from presence within the state for the purposes of attending an institution for higher learning. Thus, the application of the common law results in disqualification for in-state tuition.

However, the University regulations end this disqualification after one year of domiciliary status. *See Rule 3 of the Rules Defining Vermont Resident Adopted by Board of Trustees October 2, 1971* (previously quoted). There is, equally, no specific statutory authorization for giving residency status after one year to a student whose disqualification has not been shown to have ended. But the plaintiff is in no position to complain, since she has received a benefit, not lost a right. This means that the domiciliary definition used by the University, in the context of Rule 3 and the circumstances of this case, is not more restrictive than the common law, and the first certified question must be answered accordingly. That this reading of Rule 3 is justified is demonstrated by Rule 4, also previously quoted, which excuses students who marry nonresidents from the common law rule that there is a shift to an out-of-state domicile and nonresidency status.

The briefing and arguments advanced with respect to the second certified question clearly associate it with Rule 1. The record before this Court plainly demonstrates that it is not Rule 1, but Rule 3, that governs this litigation. If the certified question is to be taken as relating to Rule 1, it must be rejected as not applicable to this litigation. Certified questions can validly be answered only in the context of questions at issue in the particular litigation. *State* v. *Elwell*, 131 Vt. 245, 247, 303 A.2d 134 (1973).

If the certified question is taken as applicable to Rule 3, here, as in the first question, it represents a liberalization that benefits the plaintiff. Accordingly, it cannot be said to be, from the standpoint of the plaintiff, in violation of 16 V.S.A. §§ 2282, 2282a.

The facts relating to the plaintiff's residence and domiciliary status have not yet been presented for fact finding to the lower court, and they appear to be in dispute. In so far as they may

bear upon the correctness of the University's implementation of its own rules, the matter is for hearing.

*The questions certified, in the context of this case and as qualified in the opinion, are both answered in the negative, and the cause is remanded.*

## On Motion for Reargument

The plaintiff, as appellee, filed a motion for reargument. The defendant responded under V.R.A.P. Rule 40. This case is an excellent example of the difficulties accruing when legal issues are presented without full development of the facts. As was stated in the main opinion, since no grounds for summary judgment were established, the matter should be heard on the merits.

After facts are found, the appropriate law can be applied to the dispute and the rights of the parties resolved in context, rather than in the abstract, as is proper. *State* v. *Lane,* 129 Vt. 436, 438–39, 282 A.2d 796 (1971) ; *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390 (1962).

*Motion for reargument denied. Let full entry go down.*