**Jesse L. Mattison v. Robert A. Poulen and The State of Vermont**

[353 A.2d 327]

No. 260-74

Present: Barney, C.J., Smith, Daley and Larrow, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 4, 1976

Motion for Reargument Denied February 24, 1976

*Bloomer & Bloomer, Esqs.,* Rutland, for Plaintiff.

*Joseph H. Badgewick and Allan R. Keyes of Ryan, Smith & Carbine, Ltd.,* Rutland, for Poulen and State.

*Glenn A. Jarrett of Downs, Rachlin & Martin,* St. Johnsbury, for Poulen.

**Smith, J.** Plaintiff's appeal comes to this Court by way of an appeal from an October, 1974, interlocutory discovery order of the Bennington Superior Court favorable to the defendants. The motion for permission to appeal was denied by the trial court, but granted by this Court on December 12, 1974. The action below is based upon a claim by the plaintiff for damages as a result of an automobile accident on the Richville Road, in Manchester, Vermont, which the plaintiff complains was caused by the negligence of the defendants.

The plaintiff states that the general questions of law presented here are whether 12 V.S.A. § 1612 applies not only to the physician disclosing information about the patient but also: (1) whether or not the physician's reports to the patient are privileged; (2) whether or not the physician's reports to the patient's attorney are privileged; (3) whether or not the physician's statements to his patient are privileged; (4) whether or not the patient-plaintiff can be compelled to state under oath, under penalty of perjury, as to what his physician will testify in connection with the alleged injury; (5) whether any party may be required to obtain information which he does not have or have access to and make the same available to the other party. The last question raised we re-

gard as separate and distinct from the privilege issues raised in the other questions of law submitted.

12 V.S.A. § 1612 is entitled "Patients' privilege". In subsection (a), it states, and we quote:

> Unless the patient waives the privilege or unless the privilege is waived by an express provision of law, a person authorized to practice medicine or dentistry, or a registered professional or licensed practical nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity.

This section of the statutes was enacted in the adjourned session of the Vermont General Assembly in 1973, with an effective date of July 1, 1974.

The record of the case before us discloses that the complaint of the plaintiff, the answers and counterclaims of the defendants, the propounding of the interrogatories which are in question here, as well as the answers to them by the plaintiff had all occurred before the effective date of the enactment.

The threshold question presented then is whether or not the plaintiff was entitled to whatever privileges would be granted to him by 12 V.S.A. § 1612. In deciding this question, we must be guided by the law as set forth in 1 V.S.A. § 213:

> Acts of the general assembly, except acts regulating practice in court, relating to the competency of witnesses or to amendments of process or pleading, shall not affect a suit begun or pending at the time of their passage.

Unless the provisions of 1 V.S.A. § 213 allow a retroactive application of 12 V.S.A. § 1612, the privilege sought by the plaintiff would be barred for the reason that the suit brought by him was prior to the effective date of 12 V.S.A. § 1612.

The case of *Murray* v. *Mattison*, 63 Vt. 479, 21 A. 532 (1891) stated, relating to a similar statute, "[a]nd as a rule of construction, the law is, that when a new enactment deals with practice and procedure only, it applies to all action, unless otherwise expressed, whether commenced before or after its passage. *Id.* at 480.

■ The same reasoning must be applied here to the exception in 1 V.S.A. § 213 relating to the competency of witnesses. "Competency relates . . . to the relation of the witness to the matter under investigation. . . . Competency is involved in the term *witness* when applied to a particular subject matter." *Smith* v. *Jones,* 68 Vt. 132, 134, 34 A. 424 (1896). The practical effect of 12 V.S.A. § 1612 is to make doctors or other professional people named in the section incompetent witnesses upon certain matters unless such privilege is waived. Such privilege applies to all actions, whether commenced before or after the effective date of the statute. Contrary to the opinion of the trial court, a plain reading of the statute, as well as its heading, makes it abundantly clear that the waiving of the privilege is within the province of the patient, rather than the doctor.

■ The plaintiff now concedes here, however, that by the bringing of his action and putting in issue the various injuries that he claims to have received as a result of the negligence of the defendants he has waived any privilege he may have had under the provisions of 12 V.S.A. § 1612 in regard to the injuries of which he has complained.

We agree that, by bringing an action for damages arising from the injuries the plaintiff claims to have suffered, the privilege is waived.

A shrinking from the embarrassment which comes from exposure of bodily disease or abnormality is human and natural. It is arguable that legal protection from such exposure is justified to encourage frankness in consulting physicians. But it is neither human, natural, nor understandable to claim protection from exposure by asserting a privilege for communications to doctors, at the very same time when the patient is parading before the public the mental or physical condition as to which he consulted the doctor, by bringing an action for damages arising from such condition. This in the oft-repeated phrase is to make the privilege not a shield only, but a sword.

C. McCormick, Law of Evidence § 103, at 222 (2d ed. E. Cleary ed. 1972).

It must necessarily follow that the portion of the order below requiring the plaintiff to answer the interrogatories concerning the injuries complained of caused by the alleged accident which is the subject of the action is affirmed.

The next question presented is whether the waiver as to privilege admitted by the plaintiff extends not only to the confidential information communicated for the purpose of medical treatment after the accident, but to all matters relevant under V.R.C.P. 26(b)(1) to the matters involved here.

V.R.C.P. 26(b)(1) provides:

> *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Interrogatories were submitted by the defendants to the plaintiff which interrogated him as to other injuries suffered by him before or after the incident, mental illnesses and disorders and illnesses suffered before and after the incident, the names of physicians who had treated such disorders, if any, and the treatments for such conditions.

It is the contention of the plaintiff that the privilege expressed in 12 V.S.A. § 1612 still exists as to the medical information sought which is not directly related to treatment for the Richville Road accident and, further, that such evidence has no value and may embarrass or humiliate the patient.

Our rule, V.R.C.P. 26(b)(1), is based on the federal discovery rules. The established interpretation of the identical federal rule is that "it is not too strong to say that discovery should be considered relevant where there is any possibility that the information sought may be relevant to the subject

matter of the action." C. Wright, Federal Courts § 81, at 359 (2d ed. 1970).

We hold that once the patient has waived the privilege afforded him under 12 V.S.A. § 1612, by the commencement of an action, such waiver applies to the discovery of matters causally or historically related to the patient-plaintiff's health put in issue by the injuries and damages claimed in the action. *Collins* v. *Blair*, 252 N.E.2d 448, 455 (Ind. App. 1969); see *State ex rel. McNutt* v. *Keet*, 432 S.W.2d 597 (Mo. 1968). Certainly in the interest of justice the defendant in an action for personal injuries and loss of income has the right to determine whether the injuries or conditions complained of result from any other injury or illness which the patient-plaintiff has suffered. Now there can be no doubt but that the defendants would be allowed, in trial, to introduce any evidence to show that the injuries of which the plaintiff complains antedated the time of the incident of which he complains, or that his condition had been aggravated by subsequent illness or accident. A plaintiff's attribution of his injuries to an accident "puts in issue whether or not they actually antedated the accident". *Mancinelli* v. *Texas Eastern Transmission Corp.*, 34 App.Div.2d 535, 308 N.Y.S.2d 882, 883 (1970). This is an issue which the jury must necessarily decide in nearly every personal injury case. C. DeWitt, Privileged Communications Between Physician and Patient § 126, at 392 (1958).

We recognize the fact that a party may be entitled to more on a discovery proceeding than he would be able to introduce in evidence. The plaintiff has expressed an understandable concern that certain interrogatories might be propounded to a plaintiff on medical matters which proved to have no connection with the injuries complained of and could result in a plaintiff being compelled to give humiliating and embarrassing answers. However, we believe that such situations could be avoided by the provisions of V.R.C.P. 26(c) allowing the seeking of a protective order. "The waiver which we today recognize does not mean that it automatically extends to every doctor or hospital record a party has had from birth regardless of the bearing or lack of bearing, as may be, on the matters in issue." *State ex rel. McNutt* v. *Keet, supra*, 432

S.W.2d at 602. This "bearing or lack of bearing" is for the lower court's consideration, not solely for the subjective opinion of the party plaintiff.

The issues remaining, that were raised on the appeal here, call for interpretation of various civil rules relating to discovery. In light of our holding on the waiver issue, there is no need to consider the interrelationship of these rules and 12 V.S.A. § 1612. Furthermore, the lower court had no opportunity to consider these questions, and, as we have many times held, appellate determination would thus be improper. See, e.g., *Pezzano* v. *Bonneau,* 133 Vt. 88, 92, 329 A.2d 659 (1974) ; *Fournier* v. *Estate of Loiselle,* 132 Vt. 601, 603, 326 A.2d 155 (1974).

Had these issues been presented below, their reviewability under V.R.A.P. 5 would be questionable. "It is considered inexpedient and contrary to good practice to answer certified questions concerning the admission or rejection of evidence pending a trial." *State* v. *Lane,* 129 Vt. 436, 439–40, 282 A.2d 796 (1971); *accord, Powers* v. *State Highway Board,* 123 Vt. 1, 6, 178 A.2d 390 (1962).

Because of the procedural history of this cause, we have no precisely worded controlling questions of law drawn up by the lower court. Indeed, the opposing parties' briefs do not identically set forth the issues. Therefore the entry will be:

*For the reasons stated in the opinion, the order of the Bennington Superior Court, dated October 9, 1974, is affirmed and the cause remanded for further proceedings. Costs in this Court, not to include attorneys' fees, to the defendants.*