*Carreno v. Gates*, No. 429-10-13 Bncv (Wesley, J., July 24, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 429-10-13 Bncv |

| Carreno vs. Gates et al |
|---|

# ENTRY REGARDING MOTION

Title:      Motion to Compel (Motion 1)
Filer:      Michael Gates
Attorney:      Kristin C. Wright
Filed Date:      June 20, 2014

Response filed on 07/09/2014 by Attorney Joshua L. Simonds for Plaintiff Christianna Carreno
Response filed on 07/09/2014 by Attorney Kristin C. Wright for Defendant Carol Gates

**The motion is GRANTED**

### Decision Granting Defendants' Motion to Compel

Plaintiff sues Defendants for negligence. Plaintiff alleges Michael Gates drove into Plaintiff's stopped vehicle. As a result of the collision, Plaintiff suffered injuries to her back and neck. Plaintiff also claims she experiences loss of enjoyment of life from her reduced ability to hike, dance, and exercise. Defendants sought the production of all medical and mental health records dating back to 2003. Plaintiff produced many of these records but declined to produce some records about gynecological issues, gastro-intestinal difficulties, depression, and malaise.

The issue in this motion is whether Plaintiff must disclose all medical and mental health records from 2003 until the present. Under V.R.E. 503(b), medical and mental health records are privileged; however, V.R.E. 503(d)(3) creates an exception for records that are relevant to claim or defense. A plaintiff waives the privilege where the plaintiff's health and medical conditions are issues in the case. *See Mattison v. Poulen*, 134 Vt. 158, 161–62 (1976) (discussing waiver of medical privilege in a claim for negligence involving an automobile collision). The trial court has some power to limit the scope of discovery for information that has little relevance to this case. *See id.* at 163–64 *see also Palmeri v. Brattleboro Mem. Hosp., Inc.*, No. 288-6-04 Wmcv, 2006 WL 4959624 (Vt. Super. Ct. Nov. 6, 2006) (Wesley, J.) (discussing the protection of sensitive and dated mental health records). Nevertheless, the trial court should order disclosure of relevant information to Defendants. *See Mattison*, 134 Vt. at 164–65.

In this case, Defendant's requests are relevant and Plaintiff waived her privilege due to the nature of her claims for relief. Plaintiff claims she experienced neck and back pain and the loss of enjoyment of life. Defendant is entitled to discover if Plaintiff had preexisting conditions that limit the scope of her damages. *See* V.R.E. 503(d)(3); *Mattison*, 134 Vt. at 161–62. Plaintiff also disclosed she suffered from depression and malaise. Inquiry regarding Plaintiff's prior mental health issues may also lead to discoverable evidence about the scope of Plaintiff's loss

of enjoyment of life. V.R.E. 503(d)(3). Defendants' request for medical records from the last 10 years is not overly broad and burdensome. The request is limited in time and requests information that could be important to Defendant's defense.

The Court therefore grants Defendants' motion to compel disclosure. Plaintiff must produce all available medical records and mental health records dating back to 2003. Plaintiff must also supplement her answers to interrogatories to include this information. Plaintiff must file supplementary disclosures within 30 days of this order.

Finally, Plaintiff requests a protective order under V.R.C.P. 26(b)(5) that limits disclosure and use to counsel. Defendants do not object to this request. The information Defendants seek is sensitive and potentially embarrassing. Accordingly, the Court orders that only counsel and members of her firm view or discuss the released medical records and mental health records. *See Mattison*, 134 Vt. at 163–64; *Palmeri*, 2006 WL 4959624.

**WHEREFORE,** it is hereby **ORDERED** :

The Court **GRANTS** Defendants' motion to compel. Defendant must supplement her disclosures within 30 days. The Court also issues a protective order. Only counsel for Defendant and members of her law firm may view or discuss these records.


Notifications:
Joshua L. Simonds (ERN 2187), Attorney for Plaintiff Christianna Carreno
Kristin C. Wright (ERN 6506), Attorney for Defendant Michael Gates
Kristin C. Wright (ERN 6506), Attorney for Defendant Carol Gates