SUPERIOR COURT
Washington Unit
CIVIL DIVISION
Docket No. 196-3-17 Wncv

CHAD PAQUETTE
Plaintiff

v.

STATE OF VERMONT and JASON RICHARDSON
Defendants

## DECISION
### Mr. Paquette's Rule 35 Motion
### Defendants' Motion to Compel Discovery
### Mr. Paquette's Motion to Amend by "Supplemental Pleading"

Plaintiff Chad Paquette, an inmate in the custody of the Vermont Department of Corrections, alleges that he was injured when a transport officer, Defendant Jason Richardson, negligently failed to buckle him and other inmates into their seats in the transport vehicle and stopped abruptly, causing others to slide onto him and resulting in an injury to his back. He seeks compensatory damages for negligence against the State and for, presumably, gross negligence or willful misconduct against Mr. Richardson.

Mr. Paquette has filed a Rule 35 motion seeking to have the State perform an MRI to develop evidence related to his back injury. The State has filed a motion to compel seeking an order that Mr. Paquette sign a HIPAA release to give it access to physical therapy records related to a prior back injury. The State also has filed on objection to a "supplemental pleading" filed by Mr. Paquette by which he intends to expand the scope of his claimed injuries to encompass a shoulder injury. A hearing on the motions was held on April 23, 2018.

*Mr. Paquette's Rule 35 Motion*

Mr. Paquette's principal claim is that when other unbelted inmates in the transport vehicle slid into him, the impact injured his lower back. He has come to believe that, to support his claim, he needs to get an MRI done to document injuries resulting from the incident. (He apparently had an MRI done before the incident.) The DOC has taken the position that it will not provide an MRI because it is not medically necessary to the treatment of his back and it does not consent to an MRI for purposes of discovery in this case. Mr. Paquette made clear at the April 23, 2018 hearing that he understands that the DOC will not provide the MRI, but that he is willing to arrange and pay for it himself. In that event, because he is in custody, DOC would need to provide transport and escort to take him to a location where it could occur.

Mr. Paquette's reliance on Rule 35 is misplaced. The overriding purpose of Rule 35 is to enable the court to require, in its discretion, a party who otherwise opposes being examined to be

examined when the subject matter of the contemplated examination is in controversy. That is not the case here. Mr. Paquette himself wants to get an MRI. No party is seeking to require someone else to get an MRI for evaluation purposes. Rule 35 does not apply.

The real issue took shape at the April 23 hearing when it became clear that the question could become whether DOC is required to accommodate Mr. Paquette's request to be able to obtain an MRI of his own while in custody if he makes his own arrangements. Mr. Paquette claims that he is willing to arrange for a privately conducted MRI and to pay for it out of his own funds. Even if he is able to do that, the DOC may resist facilitating it, which would require, at a minimum, a transport to the MRI site and related DOC supervision. According to the State, Mr. Paquette has created this situation for himself by bringing this lawsuit while he is incarcerated. It argues that the statute of limitations is tolled while he is in custody, that he has been out in the community a few times without having obtained an MRI, and that it was his choice to file this suit while in custody rather than wait until he is released to the community when he could, for example, see a private physician or get a forensic MRI without burdening the DOC.

The court declines to resolve the parties' rights on this matter at this time as it does not appear to be ripe for court decision. Mr. Paquette has asserted that he is willing to arrange for the MRI and to pay for it. He has not yet explored the specifics of arranging and paying for one.[1] Mr. Paquette represents that his case worker may have indicated a willingness to facilitate such an event, but the State's argument at the hearing indicated a possible different position. The issue, now that it has been clarified, is simply not yet at a point when specific facts are available or it is clear that a judicial decision is necessary. Therefore, the motion is denied.

In the event that Mr. Paquette makes arrangements for an MRI at his own expense, and the DOC declines to accommodate the arrangements, he may file a new motion to raise the issue of DOC's authority to inhibit him from getting an independent MRI while he is in custody.

*Defendants' Motion to Compel Discovery*

Mr. Paquette signed an initial HIPAA release enabling Defendants to access some of his medical records. Those records revealed that he underwent physical therapy related to a prior injury. Defendants have sought a release enabling them to access his physical therapy records, but Mr. Paquette has not provided one. They have filed a motion to compel to require him to provide that release.

It became clear at the hearing that Mr. Paquette has not provided the release because he believes it is unfair for Defendants to access his medical records when they will not facilitate his MRI. These issues are not interrelated. By filing this lawsuit, Mr. Paquette has placed his current and prior back injuries and related treatment squarely at issue, and he has waived related privacy rights and privileges. See *Mattison v. Poulen*, 134 Vt. 158, 163 (1976). Defendants are entitled to the release they seek. Mr. Paquette must provide that release or risk one or more of the consequences set forth in Rule 37 (b)(2) of the Vermont Rules of Civil Procedure.

---

[1] While Mr. Paquette asserts generally that he is willing to pay for the MRI, at the hearing, he appears to have clarified that he is willing to pay a Medicaid copay for an MRI. He has not documented that an MRI sought under these circumstances will be covered by insurance and that he will only be required to pay an amount he can afford.

2

*Mr. Paquette's "Supplemental Pleading"*

On March 26, 2018, Mr. Paquette filed what he characterized as a "supplemental pleading." This supplement constitutes an attempt to amend the complaint to add an injury to his shoulder as a component of personal injuries. Defendants assert several reasons in opposition to any such amendment: they do not consent to it, Mr. Paquette did not seek leave to amend, and the timing of the attempt to amend is prejudicial.

The court will treat Mr. Paquette's "supplemental pleading" as a motion to amend the complaint. Motions to amend are governed by Rule 15 of the Vermont Rules of Civil Procedure. While motions to amend typically are granted freely early in the life of a case, Mr. Paquette's motion is prejudicial because it is brought at such a late stage in the pretrial process that it would impose extra work and costs on the Defendants, without sufficient justification. He acknowledges that he was aware of a shoulder problem several months ago. He did not attempt to assert such a claim until almost at the end of scheduled discovery, *after* Defendants had already deposed Plaintiff. Thus Defendants did not have a fair opportunity to explore the available evidence, and would have to redo discovery processes, at additional expense, to address such an additional claim. Mr. Paquette had sufficient time to raise allegations about his shoulder earlier in the case when discovery was in earlier stages. Now, discovery is almost over. Resetting the discovery schedule to accommodate this issue would cause duplicative discovery, increased litigation expenses, and unnecessary delay. The motion is denied.

## ORDER

For the foregoing reasons:

(1) Mr. Paquette's Rule 35 Motion is *denied*;
(2) Defendants' Motion to Compel Discovery is *granted*; and
(3) Mr. Paquette's Motion to Amend by "Supplemental Pleading" is *denied*.

Dated at Montpelier, Vermont this 26th day of April 2018.

Mary Miles Teachout
Superior Judge

3