Vermont Superior Court
Filed 09/08/25
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-04290

| R.W., et al. v. J.M., et al |
|---|

## ENTRY REGARDING MOTION

Title: Motion to Compel Discovery Responses from J.M. (plaintiffs: RW & AM) (Motion: 42)
Filer: David J. Shlansky
Filed Date: August 14, 2025

The motion is GRANTED IN PART.

Plaintiffs have filed the present motion seeking to compel the production of documents and interrogatory answers. This motion was filed on August 14, 2025. Defendant, J.M., against whom the motion was filed, has not filed a response. Plaintiffs' motion to compel covers approximately three different requests, which the Court finds to be separately situated, and address in turn.

1) *Plaintiff's Second Set of Interrogatories*

Plaintiffs filed these second set of interrogatories seeking information on any steps that J.M. took to instruct A.M., a minor, on how to respond to allegations and any materials he used in this effort. Plaintiffs served the interrogatories on June 2, 2025, and Defendant J.M. has not responded. Defendant is obligated to respond to any relevant discovery that is not otherwise privileged. V.R.C.P. 26(b)(1); *Mattison v. Poulen*, 134 Vt. 158, 163 (1976). J.M. had 30 days to provide these responses from June 2d. V.R.C.P. 33(a). That time has elapsed, and there has been no production.

Based on the foregoing, Plaintiffs' motion to compel responses to these second set of interrogatories is **Granted.** Defendant has 30 days from the date of this Order to comply with his obligations under Rules 26 and 33 to provide answers to the second set of interrogatories. If such answers are not provided, the Court will consider sanctions under Rule 37.

2) *Plaintiff's First Set of Requests to Produce No. 1, 3–13, 19–24.*

As a preliminary matter, the Court finds Defendant's relevancy objections to be misplaced and unduly narrow. The present litigation is a complicated set of claims against multiple parties for which wide-ranging discovery is sought. The documents sought by Plaintiffs in their discovery request may not correspond to a specific claim pending against Defendant J.M, but under Rule 26(b)(1), a party may seek discovery "regarding **any nonprivileged matter** that is relevant to **any party's** claim." V.R.C.P. 26(b)(1) (emphasis added). As such, J.M.'s relevance objections do not constitute valid grounds for non-compliance and are rejected as a matter of law.

This second set of interrogatories is slightly more complicated. They may be further divided into two categories. J.M. has objected to production of certain documents under 33 V.S.A. § 5117 on the basis that these documents are part of the juvenile court records. Plaintiffs dispute this characterization. J.M. has also objected to producing documents that are not in his control or that are publicly available.

*A) Objections under Section 5117*

To the first category, the Court takes note of its prior rulings, which put the juvenile records associated with A.M. off limits from discovery under Section 5117's exemptions and confidentiality provisions. 33 V.S.A. § 5117. At the same time, the record is unclear as to what documents J.M. is claiming are exempt, and Plaintiffs have raised a substantial question as to whether J.M. is overusing this exemption. Given that the parties have not been able to make headway on this issue or narrow the number of documents at issue, the Court will set this for a hearing to determine if a J.M. should be ordered to create a Vaughn index of the documents, and whether the Court should review the documents in camera. To that end, the Court will set this portion of the motion for a hearing after there is time for the parties to complete the steps outline in the next section.

*B) Objections based on public availability or non-possession*

To the second category, Plaintiffs cite to *In re Department of Financial Regulation*, 2025 VT 10, ¶ 15, for the principle that a document must be "unavailable" before a party is exempt from producing it. This is not quite the standard. Under Rule 26(b)(2), a party is not obligated to produce discovery that is determined to be unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive. V.R.C.P. 26(b)(2). In the present case, there is a dispute about some of the documents that Plaintiffs seek. Some of them are publicly available, and to the extent that they may be obtained from the various public record

systems and are not in Defendant's possession, the Court finds that Defendant's objection is well-founded, and that Plaintiffs must exhaust these public sources where they can review an entire criminal or civil file.

At the same time, Plaintiffs have outlined several documents and categories that are not publicly available. In such cases, it is incumbent on Defendant to produce these documents or make reasonable efforts to obtain them. In this respect, the Court does not find the process of requesting documents from a government agency to be an innately burdensome process, and Defendant is obligated to obtain and produce them.

Based on the forgoing, the Court orders the following:

1)  Defendant J.M. shall produce all responsive documents in this category that are in his possession, regardless of whether they are publicly available or not.

2)  Defendant is not obligated to produce responsive documents that are not in his possession and are publicly available to general public or Plaintiffs in particular.

3)  Defendant shall take reasonable steps to obtain responsive documents that are not a) within his possession, and b) available to the general public or to Plaintiffs in particular.

4)  The Parties, through counsel, shall conduct no less than two in-person or live-on-phone consultations to narrow the number of contested documents under this ruling.

3)  *Plaintiff's First Set of Interrogatories Nos. 4–10, 12, 13, 17, 22–24*

The final set of discovery requests that Plainitffs seek to compel involve interrogatories that seek to identify the nature of Defendant J.M.'s computer networks, the computers used to store information, the nature of the storage, the efforts taken to search these systems, and the methods used. These are all relevant and reasonable lines of inquiry given the allegations and nature of the claims. Defendant J.M. has not identified a particular hardship or issue but has broadly and roundly objected.

Discovery rules are be applied in a broad and liberal manner to effectuate their purpose. *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003). In this case, the blanket objections levied by J.M. are overbroad and lack the detail or foundation for the Court to consider any of the provisions under Rule 26(b)(2) to balance the obligations of discovery.

For these reasons, the Court orders Defendant to provide answers to these first set of interrogatories not later than 30 days from the date of this Order. If Defendant has more specific objections, he may make them at that time, and the Court will take them up at the hearing in this matter.

**ORDER**

Based on the foregoing, the Motion to Compel is **Granted in part** as follows:

1) Defendant J.M. shall provide responses to the first and second sets of interrogatories propounded by Plaintiffs that are the subject of this Order (all interrogatories in the second set and interrogatories 4–10, 12, 13, 17, 22–24 of the first set) no later than 30 days from the date of this Order.

2) Defendant J.M. shall review the first set of requests to produce and shall produce any documents in his possession in compliance with Section 2). B). of this Order or obtain and produce any documents not in his possession that are responsive to Section 2). B). of this Order.

3) Counsel for Plaintiffs and Defendant shall conduct no less than 2 in-person or live-on-phone conversations to review issues or to narrow disputes about compliance with this Order.

4) The Court shall set this matter for a hearing on Defendant's Section 5117 objections and any issues remaining under this Order for a date no sooner than 45 days from the date of this Order.

Electronically signed on 9/5/2025 5:33 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge